22 U.S. 537 (1824)
9 Wheat. 537
MOLLAN and others
v.
TORRANCE.
Supreme Court of United States.
March 6, 1824.
March 10, 1824.
This cause was argued by Mr. Jones,[a] for *538 the plaintiffs, and by Mr. Rankin,[b] for the defendant.
Mr. Chief Justice MARSHALL delivered the opinion of the Court.
The declaration in this cause contains two counts. The first is against the defendant, Torrance, as endorser of a promissory note, made by Spencer & Dunn, payable to Sylvester Dunn, and endorsed by him to the defendant, Torrance, by whom it was endorsed to H.J. Lowrie, and by him to the plaintiffs. The other count is, for money had and received by the defendant to the plaintiffs' use.
The declaration states the plaintiffs to be citizens of New-York, and the defendant to be a citizen of Mississippi, but is silent respecting the citizenship or residence of Lowrie, the immediate endorser of Torrance, through whom the plaintiffs trace their title to the money for which the suit is instituted.
The case of Young v. Bryan, (6 Wheat. Rep. 146.) has decided, that an endorsee who resides in a different State, may sue his immediate endorser, residing in the State in which the suit is brought, although that endorser be a resident of the same State with the maker of the note; but in this case the suit is brought against a remote endorser, and the plaintiffs, in their declaration, trace their title through an intermediate endorser, *539 without showing that this intermediate endorser could have sustained his action against the defendant in the Courts of the United States. The case of Turner v. The Bank of North America, (4 Dallas, 8.) has decided, that this count does not give the Court jurisdiction. But the count for money had and received to the use of the plaintiffs, being free from objection, it becomes necessary to look farther into the case.
The defendant has filed a plea to the jurisdiction of the Court, in which he states, that the promises laid in the declaration were made to H.J. Lowrie, and not to the plaintiffs, and that the said H.J. Lowrie and the defendant, are both citizens of the State of Mississippi. The plaintiffs demurred to this plea, and the defendant joined in demurrer. On argument, the demurrer was overruled, the plea sustained, and judgment rendered for the defendant.
The case is now before the Court on a writ of error.
The plaintiffs contend that the plea is defective, because it avers that the said H.J. Lowrie and the defendant are both citizens of the State of Mississippi, at the time of the plea pleaded, not that they were citizens of the said State at the time the action was brought.
It is quite clear, that the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events. Since, then, one of the counts shows jurisdiction, and the plea does not contain sufficient matter to deny *540 that jurisdiction, we think that judgment ought not to have been rendered on the demurrer in favour of the defendant. It must, therefore, be reversed, and the cause remanded to the Court for the District of Mississippi, where the parties may amend their pleadings, which are very defective.
Judgment reversed.
JUDGMENT. This cause came on to be heard on the transcript of the record of the District Court of the United States for the District of Mississippi, and was argued by counsel. On consideration whereof, this Court is of opinion that there is error in the judgment of the said District Court, in overruling the demurrer of the plaintiffs to the plea of the defendant, and in giving judgment for the defendant; wherefore it is considered by this Court, that the said judgment be reversed and annulled, and it is hereby reversed and annulled accordingly; and the said cause is remanded to the said District Court, with liberty to the parties to amend their pleadings, and that further proceedings may be had therein, according to law.
NOTES
[a] He cited Young v. Bryan, 6 Wheat. Rep. 146. Dugan v. U.S., 3 Wheat. Rep. 180. Chitty. Bills, 149. 370.
[b] He cited Turner v. Bank of N. Amer. 4 Dall. 8. Montalet v. Murray, 4 Cranch, 46.