Myatt v. Town of Hampton            CV-95-396-B    03/28/97

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Robert Myatt, et al.</u>

    **v.**                                               Civil No. 95-396-B

<u>Town of Hampton, et al.</u>

**O R D E R**

Denise Myatt and Ronald Stiriti were injured when the car Stiriti was driving collided with a tree while they were fleeing from the police.  Stiriti suffered severe injuries, and Denise Myatt died as a result of the crash.  Myatt's personal representative and Stiriti each initiated separate suits against the pursuing officers, their supervisors, and the Town of Hampton that were later consolidated.  They allege: (1) state law negligence (Count I) and recklessness (Count II) claims; and (2) federal claims for Fourth and Fourteenth Amendment violations (Count III).

Defendants move for summary judgment asserting lack of causation and qualified immunity.  For the reasons discussed below, I grant defendants' motion with regard to the federal claims.  I also dismiss the state law recklessness claims and order plaintiffs to show cause why the remaining negligence claims should not be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

On August 18, 1992, Officers Kevin Nickerson and Robert Dyer were on patrol in the Hampton New Hampshire.  At approximately 5:30 a.m. they saw an Oldsmobile Cutlass Sierra heading north on Ocean Boulevard.  Since they were patrolling an area of Hampton which had recently seen a number of burglaries, they decided to run a check of the Oldsmobile's Massachusetts registration.  When the dispatcher radioed them that the Massachusetts motor vehicle computer was down, they pulled alongside the vehicle to observe the occupants.  They thought they saw a black or Hispanic male (Stiriti) driving the vehicle, another black or Hispanic male (Andre Meehan) riding in the back seat and a white female (Denise Myatt) in the front passenger seat.  All three appeared to be too young to drive.[1]

Officer Dyer, driving the cruiser, fell behind the Oldsmobile and signaled it to pull over with his flashing emergency lights.  Stiriti pulled the Oldsmobile over, but did not place it in park.  Dyer used the cruiser's loudspeaker to instruct Stiriti to place the vehicle in park, turn off the engine, and place the keys on the roof of the car.  Instead,

---

[1]    In fact, all of the occupants were Caucasian and, according to the state police accident report, 15 years old.

2

Stiriti pulled away from the curb and led the police on a chase through Hampton, North Hampton, Rye, and back to North Hampton. The chase ranged from 35 to 55 miles per hour along commercial and residential streets.

Stiriti ran a red light at the intersection of Atlantic Avenue and U.S. Route 1 on his way back through North Hampton, traveling so fast that the vehicle bottomed out and threw sparks from the undercarriage. The police slowed down momentarily at the intersection and then proceeded through the red light.

At this point, the police allege, Stiriti's tail lights disappeared around the bend, and the police terminated the chase. However, one of the plaintiffs' witnesses contends that he saw Dyer's cruiser speed through the intersection after Stiriti's vehicle. In any event, defendants' concede that Officer Dyer continued to travel in the general direction of Stiriti's flight and at 293 Atlantic Avenue, he found that the Oldsmobile had collided with a tree. According to the accident report filed by the New Hampshire State Police, the stop occurred at 5:27 a.m. and the accident was reported at 5:39 a.m. The record does not indicate the distance between the location of the initial stop and the site of the collision.

3

Denise Myatt and Meehan both died at the hospital.  Stiriti arrived at the hospital in a coma from a traumatic head injury.

## II.  **STANDARD OF REVIEW**

It is axiomatic that a court does not find facts in ruling on a motion for summary judgment.  Instead, the court construes the evidence in the light most favorable to the non-movant and determines whether the moving party is entitled to judgment as a matter of law.  Olivier v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988).

Where, as here, the non-movants bear the burden of proof at trial, the court will grant the motion if:  (1) the movants allege that the non-movants lack sufficient proof to support one or more elements of their case, and (2) the non-movants are unable to produce sufficient responsive evidence to withstand a motion for judgment as a matter of law.  Fitzpatrick v. Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993); see also, Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991).  Accordingly, I will grant defendants' motion for summary judgment unless the plaintiffs have produced enough responsive evidence to permit a reasonable jury to find in their favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 241, 248 (1986).

4

### III. DISCUSSION

#### A. State Law Claims

#### 1. Negligence

Plaintiffs assert that since the police believed the plaintiffs were underage, the police chase should be considered a proximate cause of the accident because it was reasonably foreseeable that Stiriti would lose control of his vehicle during the course of the high speed chase and injure both himself and his passengers. While the parties never explicitly state that the chase exceeded posted speed limits, the accident report indicates that the Stiriti fled at speeds up to 55 miles per hour on roads with posted speeds ranging from 30 to 40 miles per hour.

New Hampshire has set maximum limits on the speed of vehicles under N.H. Rev. Stat. Ann. § 265:60 (1993), and has provided an exception to these speed limits for police officers in the pursuit of a fleeing suspect under N.H. Rev. Stat. Ann. § 265:61 (1993). However, the statute imposes negligence liability on officers who fail to exercise due care in the operation of their vehicle in violation of the speed limit. Id.

Defendants contend that plaintiffs cannot prove proximate causation because: (1) the pursuing officers terminated the chase prior to the collision; and (2) Stiriti himself denied in his

5

deposition that the police pursuit caused his accident.

In response, plaintiffs offer the affidavit of Christopher Souther, who observed the chase as it passed through the intersection of U.S. Route 1 and Atlantic Avenue. Souther states that the cruiser slowed only temporarily before entering the intersection. It then reaccelerated, and, like the fleeing Oldsmobile, bottomed out and threw sparks as it crossed Route 1. Souther's affidavit raises an issue of material fact as to when or if the chase was terminated. Accordingly, it is sufficient for plaintiffs to avoid summary judgment on the negligence claims.

I also take judicial notice of the fact that the collision occurred within one mile of the intersection.[2] Officer Dyer's affidavit indicates that the plaintiffs' vehicle was traveling at approximately 55 miles per hour through the intersection. At that speed, the collision occurred less than a minute after the police terminated their pursuit, which is not so remote from the chase that it can be ruled out as a cause-in-fact of the accident.

---

[2] The police report indicates that after Stiriti crossed Atlantic Avenue he lost control where Atlantic curves sharply to the left, at the intersection of Hobbs Road. A map of North Hampton indicates that this curve is a little more than one half mile from the intersection of Atlantic and U.S. Route 1.

6

Defendants point to Stiriti's deposition, in which he expressly denied that he was aware the police were pursuing him on the night of the crash.  Instead, he indicated that the reason he crashed into the tree was because he swerved to avoid on-coming headlights.

Notwithstanding the defendants' assertions to the contrary, the deposition does not provide an adequate basis on which to grant defendants' motion for summary judgment.  First, in other portions of his deposition, Stiriti repeatedly acknowledges that he recalls being followed by the police, thus raising an issue of material fact as to whether or not Stiriti knew he was being pursued by the police.  Second, Stiriti's deposition testimony that he swerved to avoid an on-coming car does not preclude the defendants' conduct from qualifying as a legal cause of the accident.  Negligent behavior can be the proximate cause of an injury if the actor's conduct is a substantial factor in bringing about the harm even though other factors also qualify as contributing causes.  <u>Maxfield v. Maxfield</u>, 102 N.H. 101, 105 (1959).  Thus, the potential existence of a concurrent cause, such as the on-coming vehicle here, does not preclude the plaintiffs from showing that defendants' negligence was a proximate cause of the injury.  <u>Reid v. Spadone Mach. Co.</u>, 119

7

N.H. 457, 463-64 (1979). Because I find that jurors could reasonably differ on causation, summary judgment is not appropriate. Springer v. Seamen, 821 F.2d 871, 876 (1st Cir. 1987).

**2. Recklessness**

Plaintiffs present no authority, nor can I find any, to support their assertion that New Hampshire recognizes a separate cause of action for recklessness. I note that the New Hampshire Supreme Court has declined to recognize a distinct cause of action for gross negligence. Barnes v. N.H. Karting Assoc., 128 N.H. 102, 108-09 (1986); Lee v. Chamberlin, 84 N.H. 182, 188 (1929). Plaintiffs' recklessness claims merely restate the negligence counts. Therefore, defendants are entitled to summary judgment on the plaintiffs' recklessness claims.

**B. Federal Claims**

Plaintiffs have three potential federal claims against the officers who conducted the police chase. First, they challenge the constitutionality of the initial stop. Second, they claim that the accident itself was an illegal seizure in violation of the Fourteenth Amendment. Third, they make a passing reference to the Fourteenth Amendment which I construe as a claim that

defendants violated the plaintiffs' right to substantive due process. <u>Evans v. Avery</u>, 100 F.3d 1033, 1036 (1st Cir. 1996), <u>petition for cert. filed</u>, 65 U.S.L.W. 3611 (U.S. Feb. 28, 1997)(No. 96-1390). Plaintiffs also assert supervisory liability claims against the town and the officers' supervisors. I address each potential claim in turn.

## 1. Illegal Stop

Plaintiffs first argue that the defendants are liable for a Fourth Amendment violation because the initial stop was illegal. In order to survive defendants' motion for summary judgment attacking this theory, plaintiffs must offer sufficient evidence to permit a reasonable jury to conclude both that the stop was illegal because the police lacked reasonable suspicion, <u>see</u> <u>Terry v. Ohio</u>, 392 U.S. 1, 30 (1968), and that the illegal stop was a proximate cause of the accident. Plaintiffs' evidence is deficient on both counts.

Defendants assert that the police stopped Stiriti's vehicle because they concluded that the driver was too young to hold a valid driver's license. <u>See</u> N.H. Rev. Stat. Ann. § 263:1 (1993 & Supp. 1996) (a person must be at least sixteen years old to have a driver's license). Plaintiffs contend that the asserted reason for the stop is a mere pretext concealing the officers' racial

9

bias.  However, the plaintiffs have failed to produce any evidence to support their pretext claim.  Accordingly, they cannot survive defendants' motion for summary judgment on this basis.

Even if the stop were illegal, it would not support plaintiffs' claim because it is not reasonably foreseeable that the stop would result in a fatal crash.  Therefore, plaintiffs' claim is also defective because they failed to produce sufficient evidence to support a finding that the stop was a proximate cause of the accident.

### 2.  The Crash as an Illegal Seizure

Plaintiffs argue that the crash qualifies as an illegal seizure because it occurred as a result of a police chase.  To establish that a collision resulting from a police chase was a seizure, a plaintiff has to show that the police intended it to be the means of terminating the pursuit.  Horta v. Sullivan, 4 F.3d 2, 10 (1st Cir. 1993).  The undisputed facts show that the police attempted to effectuate a stop through a show of authority alone, and not by forcing the plaintiffs' vehicle off the road. Therefore, the crash was not a seizure, and plaintiffs' Fourth Amendment rights were not implicated.  Id. at 11.

10

### 3. Substantive Due Process

Plaintiffs claim that the defendants violated their Fourteenth Amendment rights, and I construe the complaint generously to assert a substantive due process claim based on the police chase. To establish such a claim, plaintiffs must demonstrate that: (1) the police acted with deliberate indifference to the plaintiffs' rights; and (2) the defendants' conduct "shocks the conscience" of the court. Evans, 100 F.3d at 1038.

"Although the 'shock the conscience' test is not mathematically precise, the imprecision occurs at the edges," and the test generally requires a high level of outrageousness. Id. at 1039; see also Uhlrig v. Harder, 64 F.3d 567, 576 (10th Cir. 1995), cert. denied, 116 S. Ct. 924 (1996) (conduct must be "egregious, outrageous and fraught with unreasonable risk" to shock the conscience). In Evans, the court found that a police chase of a suspected drug dealer at 50 miles per hour in a busy neighborhood which seriously injured a youthful pedestrian did not shock the conscience. Id. The Fourth Circuit rejected a similar substantive due process claim by a driver who had been struck by both a police officer and a fleeing suspect who had allegedly stolen $17 worth of gasoline. The chase in that case

11

was allegedly conducted for a lengthy period of time, at speeds up to 105 miles per hour, and in violation of a sheriff's department order requiring the officers to maintain radio contact with their supervisors during high speed chases. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 723 (4th Cir. 1991). Nevertheless, the court concluded that the police conduct did not "shock the conscience." Temkin, 945 F.2d at 723; see also Fagan v. City of Vineland, 22 F.3d 1296, 1308-1309 (3d Cir. 1994)(en banc)(adopting shock the conscience standard for police pursuit cases and rejecting plaintiff's claim).

Viewing the totality of the evidence in the light most favorable to the plaintiffs, I conclude that the evidence does not satisfy the shock the conscience standard. The record indicates that the speed of the chase never exceeded 55 miles per hour and the chase could not have lasted more than twelve minutes. While the record indicates that the police continued the chase despite the fact that Stiriti sped through residential areas, it was not likely that heavy vehicle or pedestrian traffic could be anticipated since the entire incident occurred between 5:00 a.m. and 6:00 a.m.

In the plaintiffs' favor, the police had good reason to believe that the fleeing driver was too young to be licenced and

12

may not have appreciated the risk of injury caused by his flight. Also, the police report indicates that the road surface was wet.[3] However, the justification for the chase was that (1) the police reasonably suspected that Stiriti was driving without a license, and (2) Stiriti violated the law by disobeying Dyer's signal to stop. Given the totality of the circumstances, the officers' behavior does not shock the conscience even when the evidence is viewed in the light most favorable to the plaintiffs. Accordingly, summary judgment is appropriate with respect to plaintiffs' Fourteenth Amendment claims.[4]

### 4. Municipal and Supervisory Liability

Since all of plaintiffs' possible federal claims against the pursing officers fail, no federal basis remains for imposing liability against the Town of Hampton, the police department or the officers' supervisors. Evans, 100 F.3d at 1040 (municipal

---

3  The accident report offered in support of plaintiffs' objection indicates that the weather report that day was for light rain and fog. The report also indicates that witness Christopher Souther said that there was no fog at the time he saw the chase at the intersection of Atlantic and U.S. Route 1, but the road was wet from an earlier rain.

4  In reaching this conclusion, I by no means endorse the wisdom of the officers' decision to conduct a high speed police chase under the circumstances that existed here. Nor do I express any opinion on the merits of the plaintiffs' negligence claim.

liability); <u>Hegarty v. Somerset County</u>, 53 F.3d 1367, 1380 (1st Cir. 1995) (supervisory liability). Accordingly, I grant defendants' request for summary judgment as to Count III.

## C.   <u>Subject Matter Jurisdiction</u>

Without the federal claims to provide subject matter jurisdiction over this controversy, I am inclined to dismiss the negligence claims without prejudice unless the plaintiffs can show complete diversity.  <u>See</u> 28 U.S.C.A. § 1364(c)(authorizing district court to decline jurisdiction after it has dismissed "all claims over which it has original jurisdiction").  Complete diversity requires that all of the defendants must be citizens of different states from each plaintiff.  <u>Owen Equip. and Erection Co. v. Kroger</u>, 437 U.S. 365, 373 (1978).

The plaintiffs failed in their pleadings to provide a statement of the grounds upon which this court has jurisdiction, as required by Fed. R. Civ. P. 8(a)(1).  While both Robert Myatt and Stiriti claim that they reside in Massachusetts, neither identifies the citizenship of any of the defendants.  Defendant Dyer's affidavit indicates that he currently resides in Massachusetts.  Because the affidavit does not indicate when he moved to his current residence, it raises an issue as to his

14

citizenship.[5]

Plaintiffs shall have ten days from the entry of this order to amend their pleadings to conform with the requirements of Fed. R. Civ. P. 8(a)(1) and to show cause why I should not dismiss their remaining claims for lack of subject matter jurisdiction.

## IV. **CONCLUSION**

For the foregoing reasons, the defendants' motion for summary judgment (document no. 14) is granted with regard to Counts II and III. Plaintiffs have ten days to amend their pleadings to comply with Fed. R. Civ. P. 8(a)(1) and show cause why their state law negligence claims (Count I) should not be dismissed without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

March 28, 1997
cc: Christine M. Rockefeller, Esq.
    Robert E. McDaniel, Esq.

_____

5   Diversity must be complete "at the time an action is filed; neither citizenship when the cause of action arose nor citizenship at the time of judgment matter."  Erwin Chemerinsky, Federal Jurisdiction, § 5.3.3 at 285-86 (2d Ed. 1994) (citing Louisville, N.A. & C.R. Co. v. Louisville Trust Co., 174 U.S. 552 (1889); Mollan v. Torrance, 22 U.S. (9 Wheat.) 537 (1824)).

15