**Alvin PHELPS; Rosemary Phelps,**
**Plaintiffs–Appellants,**

v.

**NATIONWIDE INSURANCE COMPA-**
**NY; Westfield Insurance Compa-**
**ny, Defendants–Appellees.**

No. 01–4342.

United States Court of Appeals,
Sixth Circuit.

June 17, 2002.

Before BOGGS, SILER, and MOORE,
Circuit Judges.

*ORDER*

Alvin and Rosemary Phelps, Ohio residents proceeding pro se, appeal a district court judgment dismissing their civil action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief for the defective construction of their new home, the Phelpses filed a direct action against two insurance companies ("Nationwide" and "Westfield") in an attempt to recover under the liability policies of the contractors, Jerry Jones and John Lengyel. The Phelpses moved to voluntarily dismiss Westfield after learning that the company did not insure the contractors during the period of construction. Upon consideration of Nationwide's motion to dismiss for lack of subject matter jurisdiction, the district court held that the Phelpses and Nationwide were not diverse parties, that the complaint failed to state a claim under Ohio law, and that the motion to dismiss Westfield was moot.

The Phelpses have filed a timely appeal, arguing that diversity jurisdiction existed as well as federal question jurisdiction, ancillary jurisdiction, and supplemental jurisdiction. They also move for miscellaneous relief.

Upon de novo review, we conclude that the district court properly dismissed the action for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1); *Duncan v. Rolm Mil–Spec Computers*, 917 F.2d 261, 263 (6th Cir.1990); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990). To survive a Rule 12(b)(1) motion, the plaintiff must prove

that jurisdiction exists. *Moir*, 895 F.2d at 269.

The Phelpses first argue that diversity jurisdiction exists because, at the time of the contract, they had Pennsylvania citizenship and Nationwide had West Virginia citizenship as the insurer of West Virginia contractors. The Phelpses seek over $700,000 in damages.

The district court properly dismissed the case for lack of diversity jurisdiction. To maintain a diversity action, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. *See* 28 U.S.C. § 1332. A natural person has citizenship in his domicile, *Safeco Ins. Co. v. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir.1994), but an insurer in a direct action has the citizenship of its state of incorporation, its principal place of business, and the state of which the insured is a citizen, provided that the insured is not joined as a party-defendant. 28 U.S.C. § 1332(c)(1). Jurisdiction is based on "the state of things at the time of the action brought." *Smith v. Sperling*, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957) (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824)).

Complete diversity did not exist. At the time the Phelpses filed the complaint, they were no longer citizens of Pennsylvania, but of Ohio. Although Nationwide was a citizen of West Virginia because of the contractors' citizenship, it was a citizen of Ohio as well because it had its principal place of business in Ohio. Nationwide's multiple citizenship thus destroyed diversity.

The Phelpses next argue that federal question jurisdiction exists pursuant to the McCarran–Ferguson Act, 15 U.S.C. §§ 1012–1013.

The Phelpses misconstrue the nature of the McCarran–Ferguson Act. The Act does not provide an independent basis for federal jurisdiction, but rather makes the insurance business subject to state law and limits the application of federal law to the extent that it would "invalidate, impair, or supersede" state insurance law. *See* 15 U.S.C. § 1012; *Humana Inc. v. Forsyth*, 525 U.S. 299, 310, 119 S.Ct. 710, 142 L.Ed.2d 753 (1999). The Phelpses point to no federal law which would apply in their case and which would not impinge on state law.

The Phelpses also argue that ancillary jurisdiction exists because diversity jurisdiction exists in two pending federal cases they have brought against the contractors and that supplemental or pendent jurisdiction exists because one of the contractors has filed for bankruptcy.

The Phelpses' arguments in support of ancillary and supplemental jurisdiction fail. The only basis for such jurisdiction is the supplemental jurisdiction statute. 28 U.S.C. § 1367. Section 1367 permits claims, over which there is no independent basis for federal jurisdiction, to be entertained only if there are other claims *in the same action* over which independent federal jurisdiction exists. That *other actions*, however related to the Phelpses' claims in this case, are pending in federal district and bankruptcy courts does not create jurisdiction under Section 1367.

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.