**UNIVERSAL INSURANCE COMPANY, Plaintiff**

v.

**HARTFORD FIRE INSURANCE COMPANY, Defendant.**

**Civil No. 08–1316 (JP).**

United States District Court, D. Puerto Rico.

May 15, 2008.

---

María E. Picó, Esq., Rexach & Picó, Miramar, PR, Mariano A. Mier–Romeu, Esq., Fiddler, González & Rodríguez, San Juan, PR, for Plaintiff.

Carla García–Benítez, Esq., Mario A. Arroyo–Maymí, Esq., O'Neill & Borges, San Juan, PR, Scott H. Casher, Esq., Ed- wards Angell Palmer & Dodge LLP, Stamford, CT, for Defendant.

## OPINION AND ORDER

JAIME PIERAS JR., Senior District Judge.

Before the Court is Plaintiff Universal Insurance Company's ("Universal") motion to remand the instant case to the Puerto Rico Court of First Instance, San Juan Part ("state court") (**No. 4**), Defendant Hartford Fire Insurance Company's ("Hartford") opposition thereto (No. 7) and Universal's reply (No. 10). For the reasons stated herein, Universal's motion to remand is **GRANTED.**

## I. INTRODUCTION

Plaintiff Universal filed the complaint in this action in state court on March 19, 2007, against Hartford, Doral Financial Corporation ("Doral") and Liberty Mutual Insurance Company ("Liberty"), seeking a declaratory judgment that Doral must negotiate with Hartford and Liberty regarding insurance coverage for the settlement of a securities class action filed against Doral in the United States District Court for the Southern District of New York (the "Doral Securities Class Action"). Defendant Hartford filed a notice of removal on March 14, 2008 (No. 1).

In its motion to remand, Plaintiff Universal argues that Defendant Hartford's removal of this action to federal court was improper because complete diversity is lacking and the removal was untimely. Though Universal and Doral reached a settlement agreement and moved the state court for dismissal, said court has yet to issue an order or partial judgment granting Doral's dismissal. Consequently, Plaintiff Universal, a Puerto Rico corporation, argues that Defendant Doral, which is

also a Puerto Rico corporation, is still a party hereto, thus ruining diversity.

In response, Defendant Hartford argues that removal is proper because Plaintiff Universal filed its executed stipulation of dismissal with prejudice of Defendant Doral in the state court, and that said action is sufficient to dismiss Doral. In fact, Defendant Hartford argues that the Doral Securities Class Action was settled on April 27, 2007, and approved by the Southern District of New York Court on July 17, 2007. By that time, Doral had settled with Hartford and Liberty, and was not seeking any additional insurance coverage from Universal. Defendant Hartford argues that, therefore, by July 17, 2007, Plaintiff Universal's declaratory judgment action against Defendant Doral was moot, and Doral was nothing more than a nominal party. Thus, Defendant Hartford argues that the only remaining parties are itself and Plaintiff Universal,[1] therefore rendering diversity jurisdiction complete.

In its reply, Plaintiff Universal argues that the removal is untimely based on Defendant Hartford's allegation that Doral's joinder on July 17, 2007, was fraudulent. If indeed said joinder was fraudulent, then the thirty days for removal begins to run from the date of said fraudulent joinder.

The Court will consider the above arguments in turn.

## II. ANALYSIS

■ Defendant Hartford's removal of the instant litigation to federal court is based on diversity jurisdiction. Historically, diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. See Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806); Am. Fiber & Fin., Inc.

v. Tyco Healthcare Group, L.P., 362 F.3d 136, 139 (1st Cir.2004). Citizenship is determined as of the date of commencement of an action and, therefore, in cases premised on diversity, jurisdiction "depends upon the state of things at the time of the action brought." Mullan v. Torrance, 9 Wheat. 537, 22 U.S. 537, 539, 6 L.Ed. 154 (1824). The current general-diversity statute, permitting federal district court jurisdiction over suits for more than $75,000 "between ... citizens of different States," 28 U.S.C. sec. 1332(a), thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.

When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. sec. 1441(a), provided that no defendant "is a citizen of the State in which such action is brought," sec. 1441(b); see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68–69, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). In a case not originally removable, such as the instant case, a defendant who receives notice of post commencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal court within thirty days of receiving such information. 28 U.S.C. § 1446(b); see Caterpillar Inc., 519 U.S. at 68–69, 117 S.Ct. 467.

■ Here, Defendant Hartford argues that all parties have become diverse upon Plaintiff Universal's settlement with Doral. Plaintiff Universal objects to such reasoning, pointing to the fact that no order nor judgment has been entered by the state

---

1. Plaintiff Universal settled with Defendant Liberty, and the state court issued a partial judgment granting Liberty's dismissal (No. 1, Document 1–4 and 1–5).

court dismissing Doral from said action. Therefore, Plaintiff argues, Doral is still a party hereto, rendering diversity incomplete. The Court agrees, and finds that removal at this point is premature by both the above-cited federal statutes, and Puerto Rico law. Under Rules 39.1 and 43.5 of the Puerto Rico Rules of Civil Procedure, Doral's dismissal requires either a filing of a stipulation of dismissal signed by all parties to the action, or an order from the state court. *See also Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 393, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) (Kennedy, J. concurring) (stating that removal requires the consent of all defendants). Neither scenario exists. Thus, Doral has not effectively been "dropped" so as to create diversity and make the instant case ripe for removal. Furthermore, because removal statutes are strictly construed, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), the Court must refrain from permitting the instant removal action.

Plaintiff Universal also argues that Defendant Hartford's removal is untimely based on said Defendant's own contention that Doral was fraudulently joined. Having determined that this Court lacks jurisdiction based on diversity, the Court will not go so far as to decide whether fraud existed at the time when Doral was joined so as to start the thirty-day period for removal.

The Court will enter final judgment remanding the case to state court.

**IT IS SO ORDERED.**