**CABLE MEDIA OF PUERTO RICO, INC. d/b/a Cable Access Media of Puerto Rico, Plaintiff**

v.

**CARIBBEAN BROADCASTING NETWORK, LLC, Defendant.**

**Civil No. 08–1967 (JP).**

United States District Court, D. Puerto Rico.

Oct. 14, 2008.

Hilda M. García–Concepción, Esq., John F. Malley–Vega, Esq., Coto Malley & Tamargo, LLP, San Juan, PR, for Plaintiff.

Manuel Fernández–Bared, Esq., Nydin M. Watlington–Castro, Esq., Toro, Colón, Mullet, Rivera & Sifre, San Juan, PR, for Defendant.

### OPINION AND ORDER

JAIME PIERAS JR., Senior District Judge.

Before the Court is Plaintiff Cable Media of Puerto Rico, Inc. d/b/a Cable Access Media of Puerto Rico's ("CAM") motion to remand (**No. 19**), and Defendant Caribbean Broadcasting Network's ("CBN") opposition thereto (No. 43). For the reasons stated herein, Plaintiff CAM's motion to remand is hereby **DENIED.**

### I. INTRODUCTION

Plaintiff CAM and Defendant CBN entered into an Advertising Sales Representative Agreement on August 24, 2006 (hereinafter, the "Agreement"). Pursuant thereto, Plaintiff became the advertising sales representative of Defendant CBN in Puerto Rico for the sale of advertising spots during programs broadcast through the FOX and CW television stations. In the Agreement, the parties established a series of forecasts and economic goals related to Plaintiff's sale of television advertisements. Plaintiff was entitled to a commission of twenty percent of the total advertising sales it made on behalf of Defendant CBN.

In June 2007, Defendant CBN regained control of the sales of advertising spots for the CW network due to Plaintiff's low sales performance. On July 14, 2008, Defendant CBN notified Plaintiff of the immediate unilateral termination of the Agreement as to sales for the FOX network, allegedly citing failure to meet sales quotas as the reason for the termination. Plaintiff CAM alleges that on that same day, Defendant notified all advertising agencies of Plaintiff's immediate termination as Defendant's exclusive sales agent for the FOX network. Plaintiff CAM claims that this termination caused Plaintiff an immediate twenty-five percent loss of income. Plaintiff further alleges that the termination has effectively turned Plaintiff into a disadvantaged competitor of Defendant because Defendant itself now allegedly sells the promotional spots directly to advertisers.

### II. STANDARD OF LAW

Defendant CBN's removal of the instant litigation to federal court is based on diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. *See Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806); *Am. Fiber & Fin., Inc. v. Tyco Healthcare Group, L.P.,* 362 F.3d 136, 139 (1st Cir. 2004). Citizenship is determined as of the date of commencement of an action and, therefore, in cases premised on diversity, jurisdiction "depends upon the state of things at the time of the action brought." *Mollan v. Torrance,* 9 Wheat. 537, 22 U.S. 537, 539, 6 L.Ed. 154 (1824). The current general-diversity statute, permitting federal district court jurisdiction over suits for more than $75,000 "between … citizens of different States," 28 U.S.C. sec. 1332(a), thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.

■ When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. sec. 1441(a), provided that no defendant "is a citizen of the State in which such action is brought," sec. 1441(b); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). The United States Supreme Court has stated:

> In cases where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively, and with equal distinctness, in other parts of the record.

*Robertson v. Cease*, 97 U.S. 646, 649, 24 L.Ed. 1057 (1878). It follows that the burden of demonstrating diversity of citizenship falls on the party asserting federal jurisdiction through the removal procedure. *See Danca v. Private Health Care Sys.*, 185 F.3d 1, 4 (1st Cir.1999).

■ This case deals with the citizenship of limited liability corporations. The United States Court of Appeals for the First Circuit has held that the citizenship of a limited liability corporation is determined by the citizenship of all its members. *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir.2006), internal citations omitted.

## III. *ANALYSIS*

Plaintiff CAM filed the instant action on July 29, 2008, in the Court of First In-

stance of the Commonwealth of Puerto Rico, Superior Court of San Juan. *Cable Media of Puerto Rico, Inc. h/n/c Cable Access Media of Puerto Rico v. Caribbean Broadcasting Network, LLC*, Civil No. KAC2008–1075 (506). Defendant CBN filed a notice of removal on August 28, 2008 (No. 1). CBN based its removal on diversity jurisdiction, claiming that Plaintiff CAM is a corporation organized under the laws of the Commonwealth of Puerto Rico, while Defendant CBN is organized under the laws of the state of California.[1] In response, Plaintiff CAM filed the instant motion to remand (No. 19), asserting that CBN, a limited liability corporation, did not meet its burden of disclosing the citizenship of its members and thereby demonstrating complete diversity. *See Pramco*, 435 F.3d at 54.

■ On September 15, 2008, the Court held a preliminary injunction hearing in this action. At said hearing, Keith Bass ("Bass"), the President of Defendant CBN, took the stand to testify on behalf of CBN. Under oath, Bass testified that CBN is owned by LKK Group, Inc. ("LKK"), and Bluewater Communications, LLC ("Bluewater"). Bass testified that he, as well as all of LKK's members, are domiciled in the state of California. Bass also stated that LKK's principal place of business is in California. Bass then testified as to the citizenship of the members of Bluewater.[2] Bluewater is owned by three individuals; two of whom are domiciled in California, while the third is domiciled in the state of Connecticut.[3] In its opposition to Plain-

---

**1.** Plaintiff CAM does not contest that it is a corporation organized under the laws of the Commonwealth of Puerto Rico. (No. 1, Ex. 8.)

**2.** In its opposition to Plaintiff's motion to remand, Defendant CBN clarified that although Bass inadvertently only mentioned

two of Bluewater's members, who are a domiciled in California, there is a third member domiciled in Connecticut.

**3.** These three individuals are John Mavredakis, Scott Adelson, and Michael Kramer.

tiff's motion to remand, Defendant filed unsworn statements under the penalty of perjury from these three individuals, attesting to their citizenship in California and Connecticut. (No. 43., Ex. E–G.) Defendant also filed several documents from the California Secretary of State, demonstrating the organization or incorporation of LKK and Bluewater in California. (No. 43, Ex. A–D). Based on this evidence, the Court holds that Defendant CBN has met its burden of showing that this case meets the necessary diversity requirements for federal jurisdiction. Therefore, Defendant's removal of this action to federal court is proper.

## IV. CONCLUSION

In conclusion, the Court denies Plaintiff CAM's motion to remand. The case will proceed before this Court.

**IT IS SO ORDERED.**