HUE WITZ, Circuit Judge,
dissenting:
The Court today holds that a corporation’s principal place of business was located in a state in which the company had done absolutely no business at the time this lawsuit was filed. Although identifying the principal place of business of a holding company is not always an easy task, the “nerve center” cannot be in a state where the corporate EEG is flat. The district court correctly found that Lincoln One’s nerve center at the time this suit was filed was in California, where its shareholders and directors resided, and where the only corporate asset—an apartment complex— was located. I therefore respectfully dissent.
I.
■ I start, as does the majority, with the basics, For purposes of diversity jurisdiction, a corporation is a citizen both of its state of incorporation and the state “where it has its principal place of business.” 28 U.S.C. § 1332(c)(1). A party invoking fed *472 eral jurisdiction bears the burden of establishing it. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (“It is to be presumed that a cause lies outside [our] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.”) (citations omitted).
It is undisputed that Lincoln One was incorporated in Missouri. But, that is only half the battle. It is also plaintiffs burden to establish the location of the corporation’s principal place of business, or its “nerve center.” See Hertz Corp. v. Friend, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).
Plaintiff failed to meet that burden. Rather, the district court found that Lincoln One’s principal place of business was in California, a factual determination we review for clear error. See Co-Efficient Energy Sys. v. CSL Indus., Inc., 812 F.2d 556, 557 (9th Cir. 1987). That finding was not clearly erroneous. Plaintiff conceded that there had been no corporate activity in Missouri between the day Lincoln One was incorporated and the filing of this suit. The district court found that Mary Kling, Lincoln One’s sole officer, is a California resident who had not travelled to Missouri during that period, and found implausible plaintiffs assertion that the corporation had undertaken no actions anywhere in the critical time frame. And, because “the jurisdiction of the court depends upon the state of things at the time of the action brought,” Grupo Dataflux v. Atlas Glob. Grp., 541 U.S. 567, 570, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) (quoting Mollan v. Torrance, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824)), we cannot consider later activity, such as the board meeting held by Lincoln One in Missouri.
Indeed, even adopting the majority’s premise that Lincoln One was completely inactive during the relevant period, the district court’s dismissal must be affirmed. A corporation’s principal place of business is “the place where a corporation’s officers direct, control, and coordinate the corporation’s activities.” Hertz, 559 U.S. at 92-93, 130 S.Ct. 1181. Plaintiff presented absolutely no evidence that any such direction, control or coordination occurred in Missouri. Indeed, the only evidence on this issue was that Lincoln One’s sole officer was a California citizen who did nothing in Missouri between the date of incorporation and the filing of this suit.
II.
The majority relies heavily on Johnson v. SmithKline Beecham Corp. for the proposition that the nerve center of a holding company is where its board meetings are supposed to take place. 724 F.3d 337 (3d Cir. 2013). But in Johnson, the holding company actually held quarterly board meetings in Delaware before the suit was filed. Id. at 353-54. Thus, Johnson does not stand for the proposition that the state of incorporation is presumptively the principal place of business of a holding company even if no activity has occurred there. Rather, it faithfully applies Hertz by identifying the location in which the corporate “officers or directors meet to make high-level management decisions.” Id. at 354 n.19.
The majority’s reliance on Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57 (1st Cir. 1993), is similarly misplaced. In Taber, during five years before the filing of the lawsuit, a “ ‘control-group’ of twelve individuals” maintained the holding company’s “corporate records and financial accounts” in New York. Id. at 60. There is no evidence here that Lincoln One’s sole officer did anything at all in Missouri before the suit was filed.

*473 The majority also relies on Missouri law, which allows a corporation to specify where its annual meetings 'will be held, and Lincoln One’s articles of incorporation, which specify that those meetings will occur in Clayton, Missouri. Mo. Rev. Stat. § 351.225(1). But the Supreme Court rejected this the type of formalism in Hertz. See 559 U.S. at 97, 130 S.Ct. 1181 (“[W]e reject ... that the mere filing of a form like the Securities and Exchange Commission’s Form 10-K listing a corporation’s ‘principal executive offices’ would, without more, be sufficient proof to establish a corporation’s ‘nerve center.’ ”). The inquiry focuses on the location of the corporate nerve center when the suit is filed, not on future, hypothetical actions. Indeed, under Missouri law, shareholders can by simple agreement change the specified location of the annual meetings, see Mo. Rev. Stat. § 351.225, 290, so the provision in the articles of incorporation did not assure that the meetings would take place in Clayton.
III.
Today’s decision gives rise to the very dangers of jurisdictional manipulation that Hertz eschews. Under the majority’s approach, a newly formed corporation is entitled, in the absence of other activity, to a presumption that its state of incorporation is also its principal place of business. But, the “nerve center” of a corporation may shift over time. Thus, Lincoln One, having established diversity simply by virtue of its state of incorporation, can hereafter safely conduct its business entirely in California but still invoke the limited jurisdiction of an Article III court.
I respectfully dissent.