NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAF STRUDLEY, individually and as trustee of the Charles Strudley Estate; RUTH STRUDLEY; MATTHEW HANSEN; ALAN COMEAUX; STEVEN GOODMAN; ELAINE M. CARRIGAN, individually and as trustee of the Casanova Family Trust; GREGORY WYNNE; DARRELL TORCHIO; SHARON TORCHIO; JON IFLAND; MONICA IFLAND; PETER JACOBSON; TERRY LORANT; MICHAEL SINGER; SALLY EASTMAN; KAREN COGSWELL; LINDA ERICKSON; LOREE VIAL; KAREN DANIEL; ROBERT DANIEL, Jr.; CHAD G. CLEMENS, Sr.; BRIAN CONWAY; DAVID DAVISON; ROSEMARY DAVISON; VIN SION; KRISTY SION; JOE KATZMAN; JAN LEININGER; MICHAEL ATHAN; ALAIN DUMESNY; MARK MURRAY; SUE ANN MURRAY; ROBERT ALAN NOTTINGHAM; KRISTINE TAYLOR; ROBERT A. FRANK; TERI FRANK, individually and as trustee of the Frank Charitable Remainder Trust; JEFFREY FRANK; INGRID HILLS, individually and as trustee of the Edward E. Hills Fund; ARTHUR CAISSE; MARK KING; JERRYNE KING; ARNOLD ROBINSON; BEVERLY ROBINSON; PAUL D. | No.    17-17233<br><br>D.C. No. 5:15-cv-05106-EJD<br><br>MEMORANDUM[*] |

———

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

BROWNE, individually and as co-trustee of the Browne Family Trust; JOYCE BROWNE; MARK P. WITZIG; DAVID A. BYRON; SCOTT HUGHES; ALAN PEEVERS; LISA PEEVERS; ROBERT LAYTON; DEBBIE ATWOOD LAYTON; HOLLY PAETAU; JULIE PANUSHKA; INGRID NUDELMAN,

Plaintiffs-Appellants,

v.

SANTA CRUZ COUNTY BANK; JOHN GERINGER; CHRISTOPHER A. LUCK; KEITH EVERTS RODE,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted December 19, 2018[**]
San Francisco, California

Before: CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

This appeal presents the issue of whether Plaintiffs may amend their complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a) to cure a jurisdictional defect in their original complaint. The district court held that

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

they could not. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In line with Supreme Court precedent, this Circuit has adhered to the time-of-filing rule, which provides that "[s]ubject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (citing *Mollan v. Torrance*, 22 U.S. 537, 538 (1824)). A review of Plaintiffs' original complaint demonstrates that Plaintiffs failed to allege any basis for diversity jurisdiction or federal-question jurisdiction. Plaintiffs did not allege diversity of citizenship in their original complaint. *See* 28 U.S.C. § 1332. Nor did Plaintiffs allege a federal cause of action in their original complaint or state-law claims that raised a substantial question of federal law. *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) ("A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (alterations in original) (internal quotation marks omitted).

Plaintiffs argue that 28 U.S.C. § 1653 allowed them to amend their complaint to cure any jurisdictional defect. However, § 1653 only allows for amendments of "incorrect [allegations] about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-*

3

*Larrain*, 490 U.S. 826, 831 (1989). Here, Plaintiffs sought to create jurisdiction, not clarify it, when they amended their complaint to add a federal cause of action.

Plaintiffs' reliance on *Rockwell International Corp. v. United States*, 549 U.S. 457 (2007) is inapposite because *Rockwell* stands for the proposition that a plaintiff may voluntarily amend its original complaint to *remove* federal jurisdiction (except when a case has been removed to federal court). *See id.* at 473–75 & n.6. Plaintiffs amended their complaint for the exact opposite purpose in this case. Therefore, the district court correctly looked to the original complaint in concluding that it lacked subject matter jurisdiction over this case.

**AFFIRMED.**