**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTIANA TRUST, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> SFR INVESTMENTS POOL 1, LLC, <br><br> Defendant-Appellant, <br><br> and <br><br> THE PRESERVE HOMEOWNERS ASSOCIATION; ALESSI & KOENIG, LLC, <br><br> Defendants. | No. 19-15096 <br><br> D.C. No. 2:16-cv-00684-GMN-CWH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted March 30, 2020[**]
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: MURGUIA and MILLER, Circuit Judges, and STEEH,*** District Judge.

Appellant SFR Investments Pool 1, LLC ("SFR") appeals the district court's order granting summary judgment to Appellee Christiana Trust ("Christiana"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and, on de novo review, we vacate the summary judgment and remand with instructions to dismiss the action without prejudice for lack of standing. Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal.

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976)). Consistent with this checks and balances principle, a private party can bring a "case" only if it has standing, defined as "a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

There is no dispute that Christiana bears the burden of establishing it has

---

*** The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

2

standing to sue and that "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist *when the complaint is filed*." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989) (emphasis added); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (standing "must exist *at the commencement of the litigation*" (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (emphasis added))); *Mollan v. Torrance*, 22 U.S. 537, 539 (1824) ("[J]urisdiction . . . depends upon the state of things *at the time the action is brought*." (emphasis added)).

The district court erred in assuming jurisdiction over this action because Christiana lacked any valid interest in the deed of trust when the complaint was filed on March 29, 2016. The record establishes that Mortgage Electronic Registration Systems, Inc. ("MERS") assigned all its beneficial interest under the deed of trust to BAC Home Loans Servicing, LP ("BAC") on January 28, 2011. Over three years later, on April 10, 2014, MERS again assigned and transferred all its beneficial interest in the deed of trust to Ocwen Loan Servicing ("Ocwen"), who in turn assigned and transferred the interest to Christiana five days later, on April 15, 2014. But MERS had no interest left to assign to Ocwen in 2014, which means that the assignments from MERS to Ocwen and from Ocwen to Christiana were invalid. These unusual circumstances made it so that, at the time the lawsuit was filed in 2016, only BAC—not Christiana—owned a legally enforceable

3

interest deed of trust. In other words, Christiana did not have an interest in the property at the time it filed its complaint, and it therefore lacked standing. *See Res. Grp., LLC v. Nev. Ass'n Servs., Inc.*, 437 P.3d 154, 157–58 (Nev. 2019) ("[B]ecause [a] plea to quiet title does not require any particular elements, . . . each party must plead and prove his or her own claim to the property in question." (citations omitted)). Accordingly, the district court erred in exercising jurisdiction over this case. On remand, the district court is instructed to dismiss the complaint without prejudice. *See Fleck and Assocs., Inc. v. City of Phx.*, 471 F.3d 1100, 1106–07 (9th Cir. 2006) (dismissing action without prejudice because district court lacked standing over the entirety of the plaintiff's complaint).

**VACATED AND REMANDED WITH INSTRUCTIONS.**