**John G. BARROW, Jr., Plaintiff-Appellant,**

v.

**Winifred S. HILL, Tax Collector, St. Johns County, Defendant-Appellee.**

No. 85–3347
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Sept. 10, 1985.

**1036**

Charles E. Pellicer, Richard F. Joyce, III, St. Augustine, Fla., for defendant-appellee.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant is a *pro se* litigant. In his complaint in this case, which was filed on February 27, 1984, he alleged that he purchased tax sales certificates from the appellee, Tax Collector of St. John's County, Florida, and that the appellee has refused to pay him interest beyond the date of the redemption of such certificates by the tax payer-property owners as required by Florida law.

On April 5, 1985, the district court, acting *sua sponte*, enjoined the clerk of the court from accepting for filing, in any pending or future case before the court, "any further pleadings or papers of any kind whatsoever unless such pleadings or papers (1) are signed by a member ... of the Bar of this court; or (2) are tendered for filing ... in a case brought against [appellant] ...; or (3) [seek] ... to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 2254...." The court entered the injunction on the theory that appellant has been abusing the judicial process by filing frivolous suits in the Middle District of Florida, including, apparently, the present action.

This appeal is from the court's April 5, 1985 injunction. We vacate the injunction and remand the case for further proceedings because we are unable to discern the basis of the court's subject matter jurisdiction in this case. Appellant contends that the appellee tax collector has violated Florida law. Though he also contends that the appellee's conduct has transgressed the United States Constitution, his complaint allegations on this point are merely conclusory. Absent subject matter jurisdiction, the court lacked authority to enter the injunction in question.

We are mindful that the district court has authority to issue sanctions pursuant to Fed.R.Civ.P. 11 against a party and/or its attorney who files, for example, a baseless complaint. We do not view the court's order as having been entered pursuant to Rule 11, however. First, the court did not cite the rule as the basis for its injunction. Second, the court did not appear to fashion the injunction as a sanction for filing a baseless complaint in this case.

The district court's injunction is accordingly vacated. If, on remand, the court determines that it lacks subject matter jurisdiction of this case—for want of a substantial federal question—it shall dismiss the case for that reason. In doing so, the court may impose whatever Rule 11 sanctions may be appropriate under the circumstances.

VACATED and REMANDED.