PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CARRIE DENNISON, on behalf of
herself and all others similarly
situated,

*Plaintiff-Appellee,*

v.

CAROLINA PAYDAY LOANS,
INCORPORATED,

*Defendant-Appellant.*

No. 08-2187

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(2:07-cv-04016-PMD)

Argued: October 29, 2008

Decided: December 12, 2008

Before NIEMEYER, TRAXLER, and AGEE,
Circuit Judges.

Affirmed by published opinion. Judge Niemeyer wrote the opinion, in which Judge Traxler joined. Judge Agee wrote a separate opinion concurring in part, dissenting in part, and concurring in the judgment.

**COUNSEL**

**ARGUED:** Henrietta U. Golding, MCNAIR LAW FIRM, P.A., Myrtle Beach, South Carolina, for Appellant. Joe R. Whatley, Jr., WHATLEY, DRAKE & KALLAS, LLC, New York, New York, for Appellee. **ON BRIEF:** Alan S. Kaplinsky, Mark J. Levin, BALLARD SPAHR ANDREWS & INGERSOLL, L.L.P., Philadelphia, Pennsylvania; Rita M. McKinney, MCNAIR LAW FIRM, P.A., Greenville, South Carolina, for Appellant. J. Preston Strom, Jr., Mario A. Pacella, STROM LAW FIRM, Columbia, South Carolina, for Appellee.

**OPINION**

NIEMEYER, Circuit Judge:

Carrie Dennison, a citizen of South Carolina, filed an action on behalf of herself and all other "citizens of South Carolina," who were similarly situated, against Carolina Payday Loans, Inc., alleging that Carolina Payday, in making "payday loans" to Dennison, violated South Carolina Code § 37-5-108 (prohibiting unconscionable loans) and South Carolina common law duties of good faith and fair dealing. Alleging minimal diversity under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), Carolina Payday removed the action to federal court under 28 U.S.C. § 1453(b). It claimed that it satisfied the requirements for minimal diversity, as defined in § 1332(d)(2)(A), either (1) because it is a citizen of Georgia, where it claims it has its principal place of business, even though it is also a citizen of South Carolina, where it is incorporated, or (2) because some of the class members had moved from South Carolina and were citizens of other States.

On Dennison's motion to remand, the district court found that Carolina Payday failed to establish minimal diversity

under § 1332(d)(2)(A) because even though Carolina Payday might be a citizen of Georgia, it is also a citizen of South Carolina, and the plaintiff and class members are citizens of South Carolina. The court further found that the class action fell within the "home-state exception" to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(4) because in a class limited by definition to "citizens of South Carolina," at least two-thirds of the class members necessarily are citizens of South Carolina. Accordingly, the district court remanded the case to state court. We granted Carolina Payday's petition for permission to appeal the remand order under 28 U.S.C. § 1453(c).

The facts and issues raised in this case are substantively identical to those raised in *Johnson v. Advance America, Cash Advance Centers of South Carolina, Inc.*, No. 08-2186, ___ F.3d ___ (4th Cir. Dec. 12, 2008). Carolina Payday is a citizen of South Carolina, albeit also a claimed-to-be citizen of another State, and the class is defined to include *only* citizens of South Carolina, thus excluding persons who may have moved from South Carolina and established citizenship elsewhere at the time the action was commenced. For the reasons given in *Advance America*, therefore, we conclude that Carolina Payday cannot carry its burden of demonstrating that any member of the plaintiff's class is a citizen of a State "different from" Carolina Payday, as required by 28 U.S.C. § 1332(d)(2)(A). Accordingly, we affirm the district court's remand order.

At oral argument, which took place on the same day that *Advance America* was argued, Carolina Payday emphasized facts that might distinguish this case from *Advance America* in several respects. First, Carolina Payday argues that the class definition in this case can be read to include persons who were citizens of South Carolina at the time of transactions with Carolina Payday but who have since become citizens of other States. It points to the class definition here, which includes "all citizens of South Carolina" and is unlike the definition of the class for injunctive relief in *Advance*

*America*, which purportedly limited the class to include only "citizens of South Carolina *who are domiciled* in South Carolina." *Advance America*, slip op. at 4 (emphasis added).[1] This distinction in language, however, is immaterial because an individual must be domiciled in a State in order to be a citizen of that State. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Thus, the domicile requirement injected in the injunctive-relief class definition in *Advance America* was surplusage. The definitions of the classes in *Advance America* and here are substantively identical, each limiting the class to citizens of South Carolina at the time the action was commenced.

Like in *Advance America*, if one of Carolina Payday's customers had in fact established a domicile outside of South Carolina before the action was commenced, the customer would not be a "citizen of South Carolina" and therefore not a member of the proposed class. Likewise, if the customer moved from South Carolina after the action was commenced, that fact would not alter federal jurisdiction, which is fixed at the time the complaint or notice of removal is filed. *See Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004); 28 U.S.C. § 1332(d)(7).

Carolina Payday also argues that unlike the affidavits in *Advance America*, its proffered affidavit stated that "one or more customers of Carolina Payday entered into loan agreements with Carolina Payday while citizens of South Carolina but are *now citizens of other States*." Its affidavit, however, does not support the argument that a class member can be someone other than a citizen of South Carolina at the time the complaint was filed. *See* 28 U.S.C. § 1332(d)(7). If a South Carolina citizen entered into a loan agreement with Carolina

---

[1]In all other respects, the class definitions for the subclasses in this case are identical to the definitions for the subclasses in *Advance America*. *See Advance America*, slip op. at 4.

Payday and then moved from the State before the action was commenced, the fact that the person was not a citizen of South Carolina at the time the action was commenced simply means that the person does not qualify as a member of the class. Dennison defined the class to constitute only citizens of South Carolina, and Carolina Payday cannot redefine the class to include non-citizens.

Finally, Carolina Payday argues in its brief that this case is distinguishable from *Advance America* because in *Advance America*, the class members, as citizens of South Carolina, were not diverse from the defendant that had its principal place of business in South Carolina. Carolina Payday points out that in this case, the class members, also citizens of South Carolina, are in fact diverse from Carolina Payday because it has its principal place of business, as it claims, in Georgia.[2] It argues that even though Carolina Payday is incorporated in South Carolina, the minimal diversity analysis under § 1332(d)(2)(A) should differ when the defendant's principal place of business is in a State different from the State of the class members' citizenship. Carolina Payday reasons that focusing on a corporation's principal place of business for purposes of citizenship would reduce forum shopping because a corporation would not be inclined to choose its principal place of business to establish CAFA jurisdiction. But Carolina Payday cites no authority to support its argument. Section

---

[2]There is a dispute over whether Carolina Payday's principal place of business is in Georgia. Dennison contends that Carolina Payday's principal place of business is in South Carolina. The district court refrained from deciding the issue, noting that "[s]ince the court rules that dual citizenship does not on its own establish minimal diversity, Plaintiff's contention that South Carolina is also Defendant's principal place of business is irrelevant, and the court need not and does not decide the issue." *Dennison v. Carolina Payday Loans, Inc.*, No. 2:07-cv-04016-PMD, slip op. at 6 n.2 (D.S.C. May 21, 2008). We too refrain from deciding the State of Carolina Payday's principal place of business because the decision is not necessary to reach our holding that Carolina Payday has not demonstrated minimal diversity.

1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). The statute does not give greater weight to a corporation's principal place of business than to its place of incorporation. For purposes of diversity jurisdiction, Carolina Payday is a citizen of both South Carolina, its State of incorporation, and Georgia, assuming it is able to demonstrate that its principal place of business is in Georgia. Whether it is a citizen of Georgia, however, is immaterial as it is indisputably a citizen of South Carolina and therefore cannot show that it is not a citizen of South Carolina.

Like the defendant in *Advance America*, Carolina Payday cannot sustain its burden of establishing, as required by § 1332(d)(2)(A), that "any member of [the] class of plaintiffs is a citizen of a State *different from* any defendant." As we pointed out in *Advance America*, "[t]he language of the statute imposes a requirement on [Carolina Payday] to prove the negative—i.e. that it is *not* a citizen of South Carolina—and that it cannot do." *Advance America*, slip op. at 7. It was incorporated in South Carolina and therefore is a citizen there.

Because Carolina Payday Loans has not established the existence of minimal diversity, we do not reach whether the home-state exception of 28 U.S.C. § 1332(d)(4) applies to defeat federal jurisdiction in this case.

On the reasoning of *Advance America*, we affirm the order of the district court in this case, remanding the case to state court for lack of diversity jurisdiction under CAFA.

*AFFIRMED*

AGEE, Circuit Judge, concurring in part, dissenting in part, and concurring in the judgment:

I agree with the majority opinion that Carolina Payday fails to satisfy the requirements of 28 U.S.C. § 1332(d)(2)(A) on

the basis of its dual citizenship. As in the companion case decided today, *Johnson v. Advance America, Cash Advance Centers of South Carolina, Inc.*, No. 08-2186, ___ F.3d ___ (4th Cir. Dec. 12, 2008), I write separately because I respectfully disagree with the conclusion in the majority opinion that the language of the Complaint has limited the classes of plaintiffs to only citizens of South Carolina as of the time the Complaint was filed. Nonetheless, I concur in the judgment of the majority because Carolina Payday failed to meet its burden of proof to establish the citizenship of any plaintiff in a state other than South Carolina.

The Complaint sets out three classes of plaintiffs as follows:

> Injunctive Relief Class: All citizens of South Carolina who borrowed money from Defendant in the three years preceding the filing of the complaint or who will borrow money from Defendant in the future.

> Damages Subclass One: All citizens of South Carolina who borrowed money from Defendant in the three years preceding the filing of this complaint whose monthly obligations exceeded 55% of their gross monthly income.

> Damages Subclass Two: All citizens of South Carolina who renewed a loan with Defendant by repaying only the interest and received a new loan.

(J.A. 12-13).

Carolina Payday contends that these class definitions "may reasonably be read as including, in addition to current South Carolina residents, any individual who was a South Carolina citizen at the time he or she borrowed money . . . but who at the time of removal was a citizen of a different state." (Br.

Appellant 20.) As in *Advance America*, the majority finds this argument unpersuasive based on its reading of the classes as defined in the Complaint. The majority opinion reasons that "if one of Carolina Payday's customers had in fact established a domicile outside of South Carolina before the action was commenced, the customer would not be a 'citizen of South Carolina' and therefore not a member of the proposed class." *Supra* at 4. For the reasons stated in my separate opinion in *Advance America*, I disagree.

As with the definitions of Damages Subclass One and Damages Subclass Two in *Advance America*, membership in the proposed classes of plaintiffs in this case is not defined in the present tense but in the past tense. The definitions of the proposed classes in the Complaint do not limit their members to those persons who are citizens of South Carolina at the time the complaint was filed. Instead, members of the respective classes are those persons who either "borrowed money from the Defendant" or "renewed" a loan while South Carolina citizens. Thus, to be a member of the classes, a person need only have borrowed from Carolina Payday over the last three years, or renewed a loan, while a South Carolina citizen. The failure of the Complaint to place a certain temporal requirement on class membership leaves open the potential membership to persons who were not South Carolina citizens when the Complaint was filed, even though they were South Carolina citizens when their transactions with Carolina Payday took place. If such persons with other than South Carolina citizenship do exist in fact, then the minimal diversity requirements enunciated in CAFA would be met and jurisdiction in the district court would be established. 28 U.S.C. § 1332(d)(2) (2006).

Nevertheless, I concur with the judgment in this case because Carolina Payday has failed in its burden of proof. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) ("[T]he party seeking to invoke federal jurisdiction must . . . demonstrate the basis for federal jurisdiction."). Car-

olina Payday's "evidence" to meet its burden of proof for removal is simply the naked statement in an affidavit that "One or more customers of Carolina Payday entered into loan agreements with Carolina Payday while citizens of South Carolina but are *now* citizens of other states."[3] (J.A. 34) (emphasis added). Such an allegation proves nothing as Carolina Payday failed to show any of its customers who are potential class members under the Complaint did anything other than change residence. "[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) (internal citations omitted).

Thus, Carolina Payday fails as a matter of law to meet its burden of proof to show any potential plaintiff was a citizen of any state other than South Carolina. Accordingly, even though I disagree with the majority's conclusion that the Complaint's definition of the classes limits their membership to citizens of South Carolina at the time the Complaint was filed, Carolina Payday has failed to show any non South Carolina citizen actually exists. I thus concur in the judgment of the majority because Carolina Payday has failed to demonstrate the existence of federal jurisdiction under 28 U.S.C. § 1332(d)(2).

---

[3]Carolina Payday's affidavits in this case are no more persuasive than those submitted in *Advance America*. There, Advance America proffered exhibits to its affidavit identifying the customers whose residence had changed. Here, Carolina Payday does not identify a single customer it alleges changed citizenship. Moreover, in a second affidavit, Carolina Payday's affiant merely alleges that "[n]umerous customers . . . now *reside* in states outside of South Carolina." (J.A. 39) (emphasis added). In short, Carolina Payday's affidavits are conclusory and fail to provide any basis for the assertion that any of its customers changed citizenship. Such conclusory assertions need not be accorded any evidentiary weight. *See McHone v. Polk*, 392 F.3d 691, 703-04 (4th Cir. 2004).