[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-90006
Non-Argument Calendar
_____

LIFE OF THE SOUTH INSURANCE COMPANY,
INSURANCE COMPANY OF THE SOUTH

                                        Petitioners,

versus

MARQUETTA CARZELL,
LUELLA CARTER,
GLADYS CHEGE

                                        Respondents.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

Before HULL, MARCUS, and ROSENBAUM, Circuit Judges.

MARCUS, Circuit Judge:

Defendants Life of the South Insurance Company and Insurance Company

of the South ("insurance companies") seek permission to appeal the district court's

order remanding the plaintiffs' class action lawsuit to state court. After thorough review, we conclude that there is no federal jurisdiction over this action and, therefore, deny their petition to appeal.

On June 4, 2015, plaintiffs Marquetta Carzell, Luella Carter, and Gladys Chege commenced this class action in the Superior Court of Fulton County, Georgia, alleging a variety of state law violations including breach of contract, breach of the covenant of good faith and fair dealing, unconscionability, unjust enrichment, negligence, and bad faith. The defendant insurance companies, which are both incorporated in Georgia and both maintain their principal places of business in Florida, removed the case to the United States District Court for the Northern District of Georgia on July 16, 2015. The plaintiffs voluntarily dismissed their complaint on August 5, 2015. They refiled it in state court the following day after limiting the plaintiff class to include only "Georgia citizens" who were sold certain insurance policies by defendants, were owed refunds based on relevant insurance policies issued by the defendants, or had purchased insurance policies from the defendants for vehicles that were already insured. The insurance companies, again, timely removed the case, asserting two bases for federal jurisdiction under the Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4: (1) the defendants maintain their principal places of business in Florida, making them minimally diverse from the Georgia-citizen class members

under 28 U.S.C. § 1332(d)(2)(A); and (2) the class members include citizens of foreign countries, establishing minimal diversity pursuant to 28 U.S.C. § 1332(d)(2)(B).

On April 26, 2016, the district court determined that minimal diversity did not exist and remanded the case to state court. The defendants filed an interlocutory petition for permission to appeal under 28 U.S.C. § 1453(c)(1). Because all of the plaintiffs and all of the defendants are citizens of Georgia, we conclude that there is no minimal diversity supporting federal jurisdiction.

"[W]e review de novo whether the district court properly interpreted and applied the provisions of 28 U.S.C. § 1332 in determining whether the [defendants] established diversity jurisdiction." Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). "Factual findings regarding the citizenship of a party are subject to a clearly erroneous standard of review." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). The party seeking to invoke a federal forum traditionally bears the burden of persuasion on jurisdictional issues such as establishing the citizenship of the parties. See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994) ("The defendant can remove to federal court if he can show, by a preponderance of the evidence, facts supporting jurisdiction."). While CAFA is silent on this issue, this Court has held

that the same rule applies to CAFA actions.  See Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006) ("CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction.").  Thus, the defendants bear the burden of demonstrating that the parties are properly in federal court.

CAFA provides for federal jurisdiction in certain civil actions when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  It is undisputed that the plaintiffs are citizens of Georgia.  Indeed, the defendants concede that "the class members are citizens of Georgia" and recognize that the district court held that the plaintiff class includes only individuals who are United States citizens and are domiciled in Georgia.  See D.E. 20 at 10 n.6.  It is also undisputed that because the defendants are incorporated in Georgia and maintain their principal places of business in Florida, they are citizens of both states.  However, the defendants maintain that due to their Florida citizenship, they are diverse from the Georgia-citizen plaintiffs.  The plaintiffs, meanwhile, claim that the parties are not diverse because they are all citizens of Georgia.

4

The plaintiffs have the better of the argument.  To show that "any member of [the] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), the defendants must prove that they are not Georgia citizens.  But the record unambiguously establishes that the defendants are incorporated in Georgia.  Under the terms of the statute, this means that the defendants are Georgia citizens, just like the plaintiffs.  See 28 U.S.C. § 1332(c)(1).  Because the defendants cannot establish that the plaintiffs and the defendants are not all citizens of Georgia, it seems clear to us that federal diversity jurisdiction does not exist.

The Fourth Circuit addressed the same issue in Johnson v. Advance America, 549 F.3d 932 (4th Cir. 2008), affirming the district court's remand of a class action to state court.  Id. at 938.  In that case, a class of only South Carolina citizens sued Advance America, a corporation that was a citizen of both South Carolina and Delaware.  Id. at 934.  The court noted that "[t]he language of the statute imposes a requirement on Advance America to prove the negative -- i.e. that it is not a citizen of South Carolina" -- which it could not do given its dual corporate citizenship.  Id. at 936 (emphasis in original).  Importantly, the court emphasized that § 1332(c)(1) "gives dual, not alternative, citizenship to a corporation whose principal place of business is in a State different from the State where it is incorporated."  Id. at 935 (emphasis added).  Accordingly, the

5

corporation could not rely on only its Delaware citizenship and ignore its South Carolina citizenship to establish minimal diversity under CAFA. Id. at 936. The court thus concluded that because Advance America was a citizen of both Delaware and South Carolina, "it [could not] carry its burden of demonstrating that the citizenship of the South Carolina class members [was] different from its own." Id. (emphasis in original).[1] The First Circuit has likewise expressed skepticism about the argument made by the corporation in Johnson. See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig., 564 F.3d 75, 78 n.2 (1st Cir. 2009) ("[Defendant] therefore argues that its dual citizenship as a Delaware corporation with its principal place of business in Florida creates the requisite minimal diversity for jurisdiction under § 1332(d)(2). . . . We are skeptical of this argument and note that one other circuit has rejected it.") (citing Johnson, 549 F.3d at 936).[2]

---

[1] The Fourth Circuit reached the same conclusion in another case decided on the same day as Johnson. See Dennison v. Carolina Payday Loans, Inc., 549 F.3d 941, 943–44 (4th Cir. 2008) (affirming district court remand to state court when class members were all citizens of South Carolina and defendant corporation was a citizen of both South Carolina and Georgia).

[2] Several district courts have also reached the same conclusion as the Fourth Circuit did in Johnson. See, e.g., Marroquin v. Wells Fargo, LLC, 2011 WL 476540, *2 (S.D. Cal. Feb. 3, 2011) (no minimal diversity even though corporate defendant was a citizen of Delaware and California, because plaintiffs and all putative class members were California citizens); Weaver v. Nestle USA, Inc., 2008 WL 5453734, *2 (N.D. Cal. Oct. 30, 2008) ("Both the members of the purported class and Defendant are citizens of California. The fact that Defendant is a citizen of Delaware does not mean that it is not also a citizen of California. In other words, dual citizenship does not become alternative citizenship.") (emphasis in original); Sundy v. Renewable Envtl. Solutions, LLC, 2007 WL 2994348, *3 (W.D. Mo. Oct. 10, 2007) (no minimal diversity when defendants, who maintained dual citizenship in Missouri and Delaware, failed to demonstrate that there was a member of the class who was neither a citizen of Missouri nor a citizen of Delaware). But see Fuller v. Home Depot Servs., LLC, 2007 WL 2345257, *3 (N.D. Ga. Aug. 14, 2007) (finding minimal diversity jurisdiction when a class of Georgia citizens sued

We agree with the result reached by the Fourth Circuit in Johnson. Under the statute, the defendants are clearly citizens of both Georgia and Florida. To establish federal jurisdiction, they are required to prove that "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) (emphasis added). Even though "we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions," Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014), we need not rely on any presumption in construing the plain words of this statute. Giving meaning to its plain words, we read the statute to bar corporate defendants from relying on only one citizenship when their other citizenship would destroy minimal diversity. Because the plaintiffs are Georgia citizens and the corporate defendants are Georgia (and Florida) citizens, there is no plaintiff who is a citizen of a state different from any defendant, and no federal jurisdiction exists.

We can find no basis for concluding that Congress intended corporate defendants like the insurance companies involved here to be able to remove class action suits like this one -- in which all of the parties involved are citizens of the same state and the issues are of local rather than national importance -- to federal court. As we have previously recognized, "[a]n important historical justification for diversity jurisdiction is the reassurance of fairness and competence that a

---

Home Depot, which is incorporated in Delaware and has its principal place of business in Georgia).

7

federal court can supply to an out-of-state defendant facing suit in state court."

Davis v. Carl Cannon Chevrolet-Olds, Inc., 182 F.3d 792, 797 (11th Cir. 1999).

But because the defendants, like the plaintiffs, are citizens of Georgia, they face no

risk of any conceivable local bias in Georgia courts.  As we see it, the defendants

are urging us to apply a minimal diversity test that is inconsistent with the statute

so that their corporate dual citizenship would create minimal diversity and allow

them to remove state-based claims from state court.  We are unpersuaded and

agree with the district court's conclusion that the defendants' dual citizenship is an

insufficient basis to create federal diversity jurisdiction under CAFA when the

defendants share a state of citizenship with all of the plaintiffs.

Alternatively, the defendants offer that minimal diversity jurisdiction still

exists because some of the putative class members are foreign citizens who

maintain dual citizenship with the United States and a foreign country.  The

presence of foreign citizens might, in some cases, result in class actions properly

being in federal court because CAFA provides federal jurisdiction when "any

member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign

state and any defendant is a citizen of a State."  28 U.S.C. § 1332(d)(2)(B).  But in

this case, again we disagree with the defendants' claim that they have established

minimal diversity.

Notably, the plaintiffs restricted their class to "Georgia citizens." The Supreme Court has explained that "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States <u>and</u> be domiciled within the State." <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989) (emphasis in original). Thus, any Georgia citizen eligible for class membership under the terms of the complaint is also a United States citizen. It does not matter that some class members may hold dual citizenship with another country. As we've recognized, "[t]he courts of appeals deciding this issue have uniformly held that, for diversity purposes, courts should consider only the United States citizenship of individuals who are dual citizens." <u>Molinos Valle Del Cibao, C. por A. v. Lama</u>, 633 F.3d 1330, 1341 (11th Cir. 2011) (citing cases from the Second, Third, Fifth, Sixth, Seventh, and Ninth Circuits). We said in <u>Molinos</u> that we were "persuaded by the reasoning of these courts." <u>Id.</u>; <u>see also, e.g.</u>, <u>Sadat v. Mertes</u>, 615 F.2d 1176, 1187 (7th Cir. 1980) ("[T]he risk of entanglements with other sovereigns that might ensue from failure to treat the legal controversies of aliens on a national level is slight when an American citizen is also a citizen of another country and therefore he ordinarily should only be regarded as an American citizen for purposes of 28 U.S.C. § 1332(a).") (citation and quotation omitted). Thus, we held "that an individual who is a dual citizen of the United States and another nation is only a citizen of the

United States for the purposes of diversity jurisdiction under § 1332(a)." Molinos, 633 F.3d at 1341.

The defendants argue nevertheless that the complete diversity jurisdiction provision addressed in Molinos -- 28 U.S.C. § 1332(a) -- is different from CAFA's minimal diversity jurisdiction provision found in § 1332(d)(2)(B). Specifically, they note that § 1332(a)(2) destroys diversity jurisdiction for cases "between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State," which, they claim, suggests that § 1332(a) employs differing standards of diversity than CAFA does. That exception is not found in § 1332(d)(2)(B), they point out, thus suggesting a congressional intent to "treat alien minimal diversity differently from alien complete diversity."

We see no reason to treat dual citizens differently under § 1332(d)(2)(B) than under § 1332(a). Both provisions further the goals of diversity jurisdiction: avoiding any claimed bias against out-of-state or foreign defendants. As the Fifth Circuit has noted:

> [T]he major purpose of alienage jurisdiction is to promote international relations by assuring other countries that litigation involving their nationals will be treated at the national level, and alienage jurisdiction is also intended to allow foreign subjects to avoid real or perceived bias in the state courts -- a justification that should not be available to the dual citizen who is an American.

10

Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996). Thus, the court concluded, "the dual citizen should not be allowed to invoke alienage jurisdiction because this would give him an advantage not enjoyed by native-born American citizens." Id. It seems to us that this rationale applies with equal force to § 1332(a) and to § 1332(d)(2)(B). As an American citizen, a class member who is a dual citizen need not fear any perceived local bias in a state court -- especially if he is a citizen of the forum state. We thus agree with our sister circuits that, "for purposes of diversity jurisdiction, only the American nationality of a dual national is recognized." Frett-Smith v. Vanterpool, 511 F.3d 396, 400 (3d Cir. 2008); see also Yokeno v. Sekiguchi, 754 F.3d 649, 655 (9th Cir. 2014) ("Our precedent directs us to consider only the American citizenship of a dual citizen for purposes of determining diversity."); Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507 (2d Cir. 1991) ("In matters of diversity jurisdiction American citizenship will determine diversity."); Sadat, 615 F.2d at 1187 ("[O]nly the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)."). Only the American citizenship of the dual-citizen plaintiffs need be considered and, therefore, minimal diversity is not present in this case. Therefore, to carry their burden, the defendants must prove that at least one of the plaintiffs is not a United States citizen -- this they cannot do.

Finally, the defendants also cite to a few lines of dicta from <u>Grupo Dataflux v. Atlas Glob. Grp., L.P.</u>, 541 U.S. 567 (2004), a case that is not squarely on point because it involved a suit brought by a partnership (whose partners included both foreign and United States citizens) against a foreign corporation. <u>Id.</u> at 568–69. The defendants note that in <u>Grupo Dataflux</u>, the Supreme Court contemplated that "[i]t is possible, <u>though far from clear</u>, that one can have opposing parties in a two-party case who are cocitizens, and yet have minimal Article III jurisdiction because of the multiple citizenship of one of the parties." <u>Id.</u> at 577 n.6 (emphasis added). Not only is this language dicta, but also the Court has stressed that it is "far from clear" whether minimal jurisdiction could be construed in this way, and no court we've identified has ever taken this route. What's more, the Court in <u>Grupo Dataflux</u> expressly recognized that in most cases its precedent required, for purposes of minimal diversity jurisdiction of the kind found in CAFA, "two adverse parties [who] are not co-citizens." <u>Id.</u> (quotation omitted). While this precedent could change in the future, there is no authority or rationale suggesting that it has already done so.

In short, the approach we employed in <u>Molinos</u> applies to this case as well. Indeed, the relevant portions of the statutes are analogous and the principles of international law are the same -- under either complete or CAFA minimal diversity, alienage jurisdiction is not available to the dual citizen who is American

12

and thus would not suffer real or perceived bias in the state courts. Indeed, the defendants have failed to cite any authority (and we can find none) holding that only the foreign citizenship of an American citizen with dual citizenship should be considered for purposes of CAFA diversity jurisdiction. We, therefore, apply the same interpretation we used in Molinos to § 1332(d) and hold that "an individual who is a dual citizen of the United States and another nation is only a citizen of the United States for the purposes of diversity jurisdiction." Molinos, 633 F.3d at 1341.

Since all of the plaintiffs and all of the defendants are citizens of Georgia, the district court correctly determined that diversity jurisdiction does not exist and, therefore, properly remanded the matter to state court.

PETITION DENIED.