[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14712

Non-Argument Calendar

_____

WENDELL DWAYNE O'NEAL,

Plaintiff-Appellant,

*versus*

ALLSTATE INDEMNITY INSURANCE COMPANY INC,

MORRIS BART LLC,

CLAUDE E. HUNDLEY, III,

KEITH GANN,

Attorney,

ALBERT TROUSDALE,

Attorney, et al.,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:20-cv-00743-LCB

———————————

Before WILSON, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Wendell O'Neal appeals a district court order dismissing his Second Amended Complaint for lack of subject matter jurisdiction, imposing monetary sanctions for Plaintiff's filing of a frivolous case, and entering a permanent pre-filing injunction that precludes him from making court filings without court approval. After careful review, we affirm.

## I.    BACKGROUND

Plaintiff is a serial litigator, having filed more than fifty federal district court actions across the country. As documented by the district court, Plaintiff often files an unsuccessful lawsuit, and then files another lawsuit in a different court claiming that the judges and attorneys from his unsuccessful case unlawfully conspired against him and requesting Rule 11 sanctions against opposing counsel for opposing his claims. This case follows that same pattern.

This is one of several lawsuits Plaintiff filed related to an automobile accident. On October 22, 2018, Plaintiff was a passenger in a vehicle being operated by his mother, Maple McCray, when it was struck by Geronda Gendron. Gendron did not have insurance of her own but the vehicle she was driving was covered under a policy issued by Allstate to another woman, Kimberly Broadnax, that provided bodily injury coverage up to $25,000 per person. Plaintiff's mother was insured by Metropolitan Property & Casualty Co. (MetLife) under a policy that provided up to $50,000 of uninsured/underinsured motorist coverage.

Two weeks after the accident, Plaintiff filed suit in the Northern District of Alabama against the driver, various insurance companies, and insurance company adjusters alleging negligence, misrepresentation, and fraud in a conspiracy to deny him insurance recovery. *O'Neal v. Farmers Ins. Co.*, 5:18-CV-1831-LCB (N.D. Ala. Apr. 18, 2019). Following several amendments of Plaintiff's pleadings, the district court dismissed that action for lack of subject matter jurisdiction, finding Plaintiff's invocation of a host of federal statutes were spurious and raised no federal cause of action.

Plaintiff then turned to state court, filing separate actions against Allstate and MetLife. *O'Neal v. Allstate Northbrook Indemnity Co.*, CV-2019-40 (Cir. Ct. Madison Cnty. Apr. 14, 2020), and *O'Neal v. Metlife Auto & Home Ins. Agency Inc.*, CV-2019-47 (Cir. Ct. Madison Cnty. July 26, 2019). Plaintiff settled with Allstate for a policy-limits payout of $25,000, and released Allstate, Gendron, and the Broadnax from all claims. Eventually, MetLife

settled and paid Plaintiff the full $50,000 available under his mother's uninsured motorist policy.

Despite receiving policy-limit settlements from both Allstate and MetLife, Plaintiff filed this action against Allstate, the presiding judge and attorneys from the state-court action, and the City of Hunstville, Alabama, among others. He alleges the defendants conspired to deny him full recovery under his mother's uninsured motorist policy. Plaintiff contends the defendants conspired to "manufacture" a phony Allstate policy, then "concealed" that the policy was "void" in order to deny him full recovery under the Met-Life policy. He seeks, among other things, $1,000,000 in punitive damages, a monetary award of $25,000 to "repay" the Allstate settlement, and $90,000 to cover costs of vehicles he purchased under the "mistaken belief" that he would still be able to pursue his claims after settlement.

Noting the pattern of vexatious filing behavior and the apparent baselessness of this lawsuit, the district court ordered Plaintiff to appear in open court to show cause why his case should not be dismissed and he should not be sanctioned. Following the show cause hearing, the district court again dismissed Plaintiff's action for lack of subject matter jurisdiction. The court found that "[a]lthough the complaint is peppered with citations to federal legal authorities, it is clear from the factual allegations and the supplemental documentation submitted with the complaint that, taken as a whole, the pleadings present no substantial question of federal law." The court further found that it could not exercise diversity

jurisdiction because most of the defendants are residents of Alabama. Accordingly, the district court dismissed Plaintiff's Second Amended Complaint.[1]

Addressing the merits, the district court found Plaintiff is a vexatious litigant and that this case was frivolous and brought for an improper purpose. The court issued another show cause order providing Plaintiff the opportunity to explain why the court should not impose monetary sanctions and enter a pre-filing injunction requiring judicial review and approval of any pro se filings. After considering Plaintiff's submissions, the district court imposed monetary sanctions totaling $6,500. The court also permanently enjoined Plaintiff from serving or filing new actions or other legal documents without pre-service or pre-filing leave of court. Plaintiff timely appealed.

## II.    DISCUSSION

Plaintiff appeals the dismissal of his Second Amended Complaint, the imposition of monetary sanctions, and the issuance of a pre-filing injunction. "We review dismissals for lack of subject-matter jurisdiction de novo." *Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1201 n.1 (11th Cir. 2021). "We

---

[1] In addition to lack of subject matter jurisdiction, the district court also found dismissal warranted because Plaintiff's complaint suffers from three fatal defects: (1) it is a shotgun pleading that violates Federal Rules of Civil Procedure 8(a)(2) and 10(b); (2) Plaintiff's naked assertions of unlawful harm were insufficient to sustain a claim for relief under Rule 12 (b)(6); and (3) the complaint fails to allege fraud with the particularity required under Rule 9(b).

review a district court's sanctions order for abuse of discretion."
*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1237 (11th
Cir. 2007).  We likewise review for abuse of discretion the district
court's decision to impose a filing injunction.  *Miller v. Donald*, 541
F.3d 1091, 1096 (11th Cir. 2008).  A district court abuses its discretion when it fails to apply the proper legal standards or procedures
in making the determination, bases its decision on findings of fact
that are clearly erroneous, or "commits a clear error of judgment."
*Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1039 (11th Cir.
2010).

### A.    The District Court Properly Dismissed Plaintiff's Claims for Lack of Subject Matter Jurisdiction

The district court dismissed Plaintiff's amended complaint
for lack of subject matter jurisdiction because it failed to allege a
substantial, nonfrivolous federal claim that would implicate the
court's federal question jurisdiction.  Plaintiff, the party seeking to
invoke a federal forum here, bears the burden of persuasion on jurisdictional issues.  *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341,
1344 (11th Cir. 2017).  Plaintiff may establish subject matter jurisdiction by showing that diversity jurisdiction exists in accordance
with 28 U.S.C. § 1332(a) or by establishing federal question jurisdiction under 28 U.S.C. § 1331.  Because there is not complete diversity of citizenship in this case, subject matter jurisdiction exists
here only if there is federal question jurisdiction.

28 U.S.C. § 1331 states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution,

laws, or treaties of the United States." "Such federal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). "Although the vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action, in limited circumstances, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action." *Id.*

Plaintiff asserts in his Second Amended Complaint that federal question jurisdiction exists because the insurance fraud allegedly perpetrated by the defendants denied him "due process and equal protection to civil redress under the federal rules of civil procedure." Plaintiff further asserts that subject matter jurisdiction is conferred by the Fourth Amendment; the Fifth Amendment; the First Amendment; Article III, Section 2 of the Constitution; 28 U.S.C. § 1331; and 42 U.S.C. §§ 1981, 1983, and 1985(3). But the mere reference to federal law is insufficient to establish subject matter jurisdiction—"the implicated federal issue must be *substantial*." *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1291–92 (11th Cir. 2004) (emphasis in original). District courts may dismiss a federal question claim for lack of subject matter jurisdiction when "(1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose

of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (internal quotations omitted).

The district court, "after careful review of all 421 pages of the Second Amended Complaint," found that Plaintiff's "allegations of federal-question jurisdiction 'clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction' and are 'wholly insubstantial and frivolous.'" Docket Entry 105 at 11–12 (quoting *Blue Cross & Blue Shield of Ala.*, 138 F.3d at 1352). We agree with the district court's thorough analysis of Plaintiff's complaint.

As the district court stated: "Sixty-five pages of factual allegations can be distilled into but a few short propositions: [the] Allstate policy was 'void,' [Plaintiff] was entitled under his mother's Metlife policy to additional uninsured motorist benefits, and the defendants, through 'deceit, fraud, and misrepresentation,' concealed that they'd 'manufactured' the 'void' Allstate policy to deny him further recovery under his mother's policy." Docket Entry 105 at 12. We concur with the district court's assessment that Plaintiff's allegations "sound squarely in state contract, insurance, and tort law." *Id.* Plaintiff's adornment of his complaint with references to the Constitution and federal statutes does not create federal question jurisdiction. *Dunlap*, 381 F.3d at 1291–92 (explaining that "federal jurisdiction is not created by the mere fact that proof of violation of a federal statute is an element of a plaintiff's state-law cause of action"); *Barrow v. Hill*, 774 F.2d 1035, 1036 (11th Cir. 1985)

20-14712                Opinion of the Court                9

(conclusory allegations are insufficient to establish jurisdiction). Accordingly, we affirm the district court's dismissal of Plaintiff's claims for lack of subject matter jurisdiction.[2]

### B.    The District Court Did Not Abuse Its Discretion in Imposing Monetary Sanctions and a Pre-Filing Injunction

The district court imposed sanctions for vexatious litigation after conducting an exhaustive review of Plaintiff's litigation history. The district court found that Plaintiff is a "prolific filer of abusive lawsuits," citing, among other proceedings, twenty cases filed in the Northern District of Alabama, thirty-nine cases filed in other federal district courts, nine cases filed in Alabama trial courts, appellate proceedings initiated in other state courts, and twenty nine appeals taken in various federal circuit courts of appeal. The court not only evaluated the merits of these cases, finding many meritless and some incredible, but discerned a repeating pattern of abusive litigation tactics employed by Plaintiff. For instance, the court found that Plaintiff often seeks to (1) "relitigate imagined disputes that have already been dismissed in another forum," (2) move for

---

[2] We further note that defendants persuasively argue that Plaintiff failed to carry his burden to "clearly and specifically set forth facts sufficient to satisfy Article III standing requirements." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 977 (11th Cir. 2005). How Plaintiff suffered an "injury in fact" from defendants' alleged manufacturing of a void Allstate policy when he received policy-limit payouts under both the Allstate policy and his mother's MetLife uninsured motorist policy remains a mystery.

reconsideration of issues already decided, and (3) seek Rule 11 sanctions against attorneys for opposing his frivolous claims, as Plaintiff did in this case.

Plaintiff argues that the district court abused its discretion in imposing sanctions because his litigation record does not establish that he is a vexatious litigant inclined to file frivolous claims and the district court "falsified an explicit substantive finding" to the contrary.  We disagree.

The district court acted well within its discretion to sanction Plaintiff for costly, abusive, and vexatious filing behavior.  District courts have inherent authority to sanction as well as the power to impose Rule 11 sanctions *sua sponte*.  *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017); Fed. R. Civ. P. 11(c)(3).  The court properly exercised that authority here after affording Plaintiff multiple opportunities through hearings and briefs to show cause why he should not be sanctioned.

The record fully supports the district court's finding that by filing this lawsuit and moving for sanctions without an objective basis in law, Plaintiff violated Rule 11 and that sanctions were appropriate both under both Rule 11 and the district court's inherent powers.  Despite multiple opportunities to do so, Plaintiff failed to articulate a reasonable claim to additional uninsured motorist payments when he has already received a $50,000 policy-limit payout from MetLife, in addition to the $25,000 policy-limit payout from Allstate.  Moreover, compounding his frivolous pleading, and consistent with the pattern of vexatious filings the district court

documented, Plaintiff again sparked unnecessary litigation by filing frivolous sanctions motions.  For instance, Plaintiff moved for sanctions against the Morris Bart Law Firm, Allstate, the Huie Law Firm, and attorney Keith Gann simply because they opposed his frivolous claims, an action that caused needless litigation and further wasted judicial resources.  Accordingly, the district court did not abuse its discretion in finding sanctions warranted.

As for the actual sanctions imposed, Plaintiff does not challenge the monetary sanctions totaling $6500 awarded by the district court.  We discern no abuse of discretion and affirm the monetary award.

Nor did the district court's decision to enjoin future filings amount to an abuse of discretion.  The district court found monetary sanctions alone insufficient to deter Plaintiff from filing further frivolous lawsuits and entered a permanent injunction requiring Plaintiff to seek leave before making future pro se filings.[3]

District courts have discretion to impose pre-filing screening restrictions on litigious plaintiffs.  "[F]ederal courts can protect their dockets from abuse by frequent filers so long as the measures taken are a reasonable response to the abuse and access to the courts is not entirely foreclosed." *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300 (11th Cir. 2021) (upholding injunction prohibiting

---

[3] The injunction states that "The terms of this injunction do not apply to any licensed attorney that [Plaintiff] should retain to represent him in any forum in which the attorney is a member in good standing and eligible to practice."

plaintiff from filing any future ADA complaints without first obtaining written permission from the court); *Cofield v. Ala. Public Serv. Comm.*, 936 F.2d 512, 517–18 (11th Cir. 1991) (upholding injunction requiring plaintiff "to send all pleadings to a judge for pre-filing approval"). The pre-filing injunction here is a reasonable response to Plaintiff's litigious history and does not impermissibly foreclose Plaintiff access to the courts. It is limited to pro se filings and allows meritorious pro se filings upon leave of court. *Cofield*, 936 F.2d at 518.

Plaintiff relies heavily on an unpublished Ninth Circuit decision vacating a district court order deeming Plaintiff a vexatious litigant and imposing pre-filing restrictions. *See O'Neal v. Empire Fire & Marine Ins. Co.*, 735 F. App'x 352, 353 (9th Cir. 2018). There the Ninth Circuit vacated the pre-filing restriction because "the district court did not make explicit substantive findings as to the frivolousness of [Plaintiff's] prior filings or narrowly tailor the scope of its pre-filing order." *Id.* In contrast, the district court here conducted a comprehensive examination of Plaintiff's litigation history, cited dozens of Plaintiff's past cases, concluded that only two had merit, and provided examples of past cases where Plaintiff followed an abusive strategy similar to that employed in this case (e.g., "relitigating imagined disputes that have already been dismissed in another forum" and moving for sanctions against any person or entity who dares to oppose his frivolous claims).

In short, the district court here did the heavy lifting and documented Plaintiff's abusive tactics across numerous forums over

many years.  The court's findings justify the pre-filing injunction imposed.  Moreover, unlike the injunction vacated by the Ninth Circuit in *Empire Fire*, the injunction here is tailored to address frivolous pro se filings and does not unnecessarily preclude Plaintiff's access to the courts when represented by counsel.  *See O'Neal v. Empire Fire & Marine Ins. Co., Inc.*, No. 2:16-CV-2313-JCM-CWH, 2018 WL 1626031, at *3 (D. Nev. Apr. 4, 2018) (enjoining Plaintiff "from filing any new complaint, petition, or other action" without first obtaining leaving of court).  We therefore affirm the permanent injunction requiring Plaintiff to obtain approval of any future pro se filings.

### C.    Plaintiff's Appellate Motions

True to form, Plaintiff peppered the appellate docket for this case with ten meritless and/or irrelevant motions.  Plaintiff moved to (1) strike defendants' responsive briefs as "scandalous," (2) impose sanctions against defendants under Fed. R. Civ. P. 11, (3) expedite a decision on the merits and his request for sanctions.  *See* 11th Cir. Case No. 20-14712, Docket Entries 31, 57, and 59.  We see nothing improper in defendants' briefing and this decision renders Plaintiff's request for an expedited decision moot.  We deny each of these motions.

Plaintiff also filed four motions requesting the Court take judicial notice of certain facts related to Plaintiff's underlying claims and request for sanctions against parties opposing his claims.  *See* 11th Cir. Case No. 20-14712, Docket Entries 45, 52, 58, 60, and 61. Fed. R. Evid. 201 "permits courts to take notice of 'an adjudicative

fact' that is 'generally known' and 'whose accuracy cannot reasonably be questioned,' so long as it affords the parties an opportunity to be heard on the propriety of doing so if requested." *Robinson v. Liberty Mut. Ins. Co.*, 958 F.3d 1137, 1142 (11th Cir. 2020) (quoting Fed. R. Evid. 201(a)–(b), (e)). "But Rule 201 'governs judicial notice of an adjudicative fact only, not a legislative fact.'" *Id.* (quoting Fed. R. Evid. 201(a)). "'[A]djudicative facts are those developed in a particular case,' while '[l]egislative facts are established truths, facts or pronouncements that do not change from case to case but apply universally.'" *Id.* (quoting *W. Ala. Women's Ctr. v. Williamson*, 900 F.3d 1310, 1316 (11th Cir. 2018) (internal quotation marks omitted); *see also* Fed. R. Evid. 201(a) advisory committee's note to 1972 proposed rule ("Adjudicative facts are simply the facts of the particular case."). We may take judicial notice of a document filed in another court only for the limited purpose of establishing the existence of such litigation and related filings and not for the truth of the matter asserted. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *Grayson v. Warden, Comm'r, Alabama Doc*, 869 F.3d 1204, 1225 (11th Cir. 2017) ("[A] court cannot take judicial notice of factual findings of another court." (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998)).

We have discretion to take judicial notice of adjudicative facts; however, the taking of judicial notice is "a highly limited process." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (en banc). Here, none of Plaintiff's motions seeking judicial notice of facts allegedly relevant to his underlying claims and his request for

sanctions against defendants raises facts pertinent to this appeal for which this Court may properly take judicial notice.  We deny each of these motions (Docket Entries 45, 52, 58, and 61).

Plaintiff also twice moved the Court to take judicial notice that the appellate record is incomplete because it does not include, among other things, a transcript of the order to show cause hearing that preceded the district court's sanctions order.  *See* 11th Cir. Case No. 20-14712, Docket Entries 54 and 56 (amended motion further alleging the district court maliciously concealed documents). But the hearing transcript is part of the appellate record (Docket Entry 94) and we see no omission that renders the appellate record incomplete.  We deny each of these motions.

III.    CONCLUSION

For the reasons explained above, we **AFFIRM** the decision of the district court dismissing Plaintiff's claims for lack of subject matter jurisdiction, imposing monetary sanctions against Plaintiff, and entering a pre-filing injunction.  We **DENY** all pending appellate motions filed by Plaintiff (Docket Entries 31, 45, 52, 54, 56, 57, 58, 59, 60, and 61).