# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -- )
                    )
Greenland Contractors I/S )    ASBCA Nos. 61113, 61248
                    )
Under Contract No. FA2523-15-C-0002 )

APPEARANCES FOR THE APPELLANT:     James J. McCullough, Esq.
    Michael J. Anstett, Esq.
    Anayansi Rodriguez, Esq.
     Fried, Frank, Harris, Shriver &
     Jacobson LLP
    Washington, DC

APPEARANCES FOR THE GOVERNMENT:     Jeffrey P. Hildebrant, Esq.
     Air Force Deputy Chief Trial Attorney
    Kyle E. Gilbertson, Esq.
    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS
## ON THE GOVERNMENT'S SECOND MOTION TO DISMISS

Pending before the Board is the four-page motion to dismiss filed by respondent, the Department of the Air Force (Air Force or government). As the procedural posture of these appeals is complex, it is explained in detail below.

Greenland Contractors I/S (Greenland) filed its first appeal, ASBCA No. 61113, in April 2017, from what Greenland contended was a government claim for contract interpretation regarding maintenance of electrical generation equipment, referred to as engines #1 through #5, at Thule Air Force Base in Greenland. The Air Force filed its first motion to dismiss before a complaint was filed. While that motion to dismiss was pending, Greenland filed its second appeal, ASBCA No. 61248, from what it contends is a government claim in the nature of a unilateral deductive modification in the amount of $3.2 million, pursuant to the inspection clause, for work purportedly required by the contract, but not performed by Greenland.

On December 8, 2017, the Board denied the Air Force's first motion to dismiss. *Greenland Contractors I/S*, ASBCA Nos. 61113, 61248, 18-1 BCA ¶ 36,942. Based upon the limited record before us at that time, we held that the Air Force had asserted a non-monetary government claim for other relief. Subsequent to that opinion, the Board denied Greenland's motions to require the government to file the complaint in the then consolidated appeals (ASBCA Nos. 61113 and 61248). Greenland filed its

complaint on February 12, 2018. Relevant to the pending motion, Greenland included in its prayer for relief a request that the Board "[d]etermine that the Air Force's unilateral contract modification was factually and legally in error, entitling Greenland Contractors to return of the Air Force's claimed $3.2 million in withheld amounts" (compl. at 24).

The government then filed the instant motion to dismiss asserting two jurisdictional challenges: first, because Greenland had not presented its purported monetary claims to the contracting officer; and second, because ASBCA No. 61113 was not timely filed. Greenland opposed the government's motion. Although not addressed by the Air Force in its motion to dismiss, Greenland's complaint also indicated that it had "performed the directed repairs [to engine #1] by September 30, 2017 at a cost of $422,086" (compl. at 21, ¶ 100).

The Board raised the issue of Greenland's performance of purportedly additional work with the parties in a telephonic status conference on May 30, 2018. Greenland subsequently indicated that it would present a claim for its additional costs of performance which it did. An Air Force contracting officer denied Greenland's claim on October 2, 2018 (R4, tab 17). Greenland appealed this denial to the Board and the appeal was docketed as ASBCA No. 61834,[1] and consolidated with ASBCA Nos. 61113 and 61248. Greenland filed its consolidated complaint on November 13, 2018 (consol. compl.). By order dated October 17, 2018, the Board invited the government to file a supplemental brief addressing any new information relevant to its pending motion. On December 13, 2018, the government provided notice that it would not file a supplemental brief.

Not addressed by the government, but relevant to our determination of jurisdiction, Greenland asserts in its consolidated complaint three instances where it was directed to perform work on engines #1 and #3 that Greenland contends was beyond the scope of its contract or was additional work caused by the Air Force's failure to perform work that Greenland contends the Air Force was required to perform under the contract (R4, tab 16 at 3). Specifically, Greenland asserts that its subcontractor repaired the master and articulating rod on engine #1 at a cost of $237,941.02 (consol. compl. at 20, ¶¶ 90-91). This work was invoiced on February 28, 2017, and Greenland paid the invoice on April 12, 2017 (R4, tab 16 at 22-25). Greenland asserts that its subcontractor repaired the left camshaft on engine #3 at a cost of $257,803.64 (consol. compl. at 28, ¶¶ 135-36). This work was invoiced on May 31, 2017, and paid on August 30, 2017 (R4, tab 16 at 48-54). In addition, Greenland contends that its subcontractor performed additional repairs to engine #1 at

---

[1] The government's motion to dismiss only pertains to ASBCA Nos. 61113 and 61248 which are consolidated with ASBCA No. 61834.

2

a cost of $422,085.99 (consol. compl. at 29, ¶¶ 142-43). These costs were invoiced on September 12, 2017, and paid on November 3, 2017 (R4, tab 16 at 34-41).

The government's pending motion to dismiss asserts that ASBCA Nos. 61113 and 61248 must be dismissed because Greenland seeks "return of the Air Force's claimed $3.2 million in withheld amounts" (gov't mot. at 1 (quoting compl. at 24)). According to the Air Force, the quoted language means that Greenland is asserting a money claim that was not certified and was not presented to the contracting officer, and thus that we are without jurisdiction to entertain the claim. The Air Force relies on the Court of Appeals for the Federal Circuit's holding in *Securiforce International America, LLC v. United States*, 879 F.3d 1354, 1360 (Fed. Cir. 2018), for the proposition that Greenland's claim is, in essence, a monetary claim, and thus, Greenland was required to present the claim to the contracting officer for a final decision (gov't mot. at 1-2). In opposition, Greenland asserts that its future entitlement to repayment of funds withheld by the Air Force does not convert its nonmonetary claims into premature claims for money damages, and points out that certification is not required for a government claim (app. opp'n at 9-13). In its reply brief, the Air Force doubles-down on its argument asserting that Greenland was required to present a claim requesting a sum certain to the contracting officer asserting that *Securiforce* makes no distinction between government and contractor claims, and that the "only practical result" of granting Greenland's requested relief would be money damages against the government (gov't reply at 1-6). The Air Force additionally cites to the Civilian Board of Contract Appeals' decision in *Duke University v. Dept. of Health and Human Services*, CBCA No. 5992, 18-1 BCA ¶ 37,023.[2] The Air Force "disputes" that its contract modification, deleting $3.2 million from the contract for work it contends was required by the contract but not performed, was a government claim (gov't reply at 5).

In our opinion denying the government's first motion to dismiss, we held that ASBCA No. 61113 was a government claim. *Greenland*, 18-1 BCA ¶ 36,942 at 179,972-73. It is beyond dispute that a contractor is not required to certify a government claim. *See, e.g., Placeway Construction Corp. v. United States*, 920 F.2d 903, 906 (Fed. Cir. 1990); 41 U.S.C. § 7103(a). In fact, *Securiforce* itself recognizes that a termination for default, one type of government claim, is not subject to the presentment requirement. *Securiforce*, 879 F.3d at 1363. In our opinion we noted that ASBCA No. 61248 had been filed, but did not make any findings of fact or law regarding the appeal. *Greenland*, 18-1 BCA ¶ 36,942 at 179,974 & n.4. We now hold that ASBCA No. 61248 is also an appeal of a government claim, and we reject the government's argument that the Board lacks jurisdiction because Greenland failed to submit a claim.

---

[2] While *Duke University* is not binding on us, we find its reasoning to be persuasive as discussed further herein.

A claim is a "written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract" (R4, tab 1 at 145 (incorporating by reference Federal Acquisition Regulation (FAR) 52.233-1, DISPUTES (MAY 2014))); *see also* FAR 2.101. Here, the Air Force's July 11, 2017 unilateral contract modification and finding of nonconformance, pursuant to the inspection clause FAR 52.246-4(e)(2) and reduction in contract price of $3.2 million (R4, tab 15), satisfies the definition of a claim. It is obviously a written demand, and as a unilateral modification, it seeks, as a matter of right the adjustment of contract terms by reducing the contract amount by a sum certain amount of $3.2 million. In *Garrett v. General Elec. Co.*, 987 F.2d 747 (Fed. Cir. 1993), the Federal Circuit held that pursuant to that contract's inspection clause, the government had three options when it found that the contractor had not fulfilled the contract's requirements; it could have: 1) reduced the contract price by an equitable portion of the contract price; 2) demanded that the contractor repay an equitable portion of the contract price; or 3) directed the contractor to correct or replace the defective product. *General Electric*, 987 F.2d at 749. Having already ordered Greenland to perform work that Greenland contends was not required by the contract, the government issued a unilateral contract modification to reduce the contract amount by, what it believes to be an equitable portion, of the contract price. This is also a government claim. *See DynPort Vaccine Co. LLC*, ASBCA No. 59298, 15-1 BCA ¶ 35,860 (holding that unilateral contract modification directing performance of corrective work at no cost to the government to be a government claim); *LTV Aerospace & Defense Co., Vought Missiles & Advanced Programs Div.*, ASBCA No. 35674, 89-2 BCA ¶ 21,858 at 109,950-51 (government reduction of contract price a government claim). Moreover, an interpretation of the contract in favor of Greenland in ASBCA No. 61248 would simply return money to the contract and would not constitute a money claim by Greenland. However, any amount sought by Greenland beyond reversal of the deductive modification, such as for additional work or Contract Disputes Act (CDA) interest would constitute a contractor claim. *See, e.g., Martin Marietta Corp.*, ASBCA No. 25828, 84-1 BCA ¶ 17,119 at 85,256-58 (contractor claim required to recover CDA interest on amounts withheld).

The Federal Circuit's recent holding in *Securiforce* does not change the definition of a government claim. Instead, *Securiforce*, and the Civilian Board's holding in *Duke*, clarify when a purported non-monetary CDA claim actually seeks monetary relief. As the government notes, the holding in *Securiforce* states that "[i]f 'the only significant consequence' of the declaratory relief sought 'would be that [the plaintiff] would obtain monetary damages from the federal government,' the claim is in essence a monetary one." *Securiforce*, 879 F.3d at 1360 (quoting *Brazos Elec. Power Coop., Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998)).

4

Based upon the record before us when we issued our earlier opinion, it appeared that Greenland was appealing from a valid government claim for other relief. Unlike in *Securiforce*, resolution of the contract interpretation issue could have determined whether Greenland was required to perform maintenance on the generators pursuant to the contract. As in *General Electric*, this other relief, relieving Greenland of an obligation to perform, would have been a "significant consequence" of the declaratory relief sought that was not monetary in nature.

In *Securiforce*, the government issued a partial termination for convenience and then terminated the contractor for default. The contractor filed its initial complaint in the Court of Federal Claims to challenge the termination for default and then filed a claim with the contracting officer challenging the termination for convenience. *Securiforce*, 879 F.3d at 1359-60. Thus, at the time *Securiforce* filed its claim, it had already been terminated for default and it could not obtain any relief other than money damages because it was no longer performing on the contract. Similarly, the Civilian Board held in *Duke*, that the contractor had "already incurred costs associated with its contract interpretation dispute, and it could have quantified those costs and stated them in a sum certain in a claim to the contracting officer." *Duke*, 18-1 BCA ¶ 37,023 at 180,290. The Civilian Board explained that a "ruling in Duke's favor would not result in Duke avoiding costs, but instead would be used only to entitle Duke to monetary relief in a separate proceeding. In such circumstances, it is clear that Duke has an uncertified and unquantified monetary claim." *Id.*

We determine jurisdiction at the time the appellant filed its notice of appeal. *See, e.g., Keene Corp. v. United States*, 508 U.S. 200, 207 (1993) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)) ("the jurisdiction of the Court depends upon the state of things at the time of the action brought"). Thus, the fact that Greenland might have subsequently incurred costs performing the tasks that it contends were not required pursuant to the contract would not necessarily deprive us of jurisdiction. However, we now know from Greenland's consolidated complaint that it had performed work that it contends was beyond the scope of the contract *before* it filed its notice of appeal.[3] Specifically, Greenland attached to its claim documents showing that its subcontractor invoiced Greenland for such repairs in February 2017 (R4, tab 16 at 22), which was before Greenland's April 10, 2017 notice of appeal in ASBCA No. 61113. This fact contradicts Greenland's argument that "it would have been impossible for Greenland Contractors to have submitted a certified claim for a sum certain prior to or at the time it filed its appeal in No. 61113" (app. resp. at 12). Thus, Greenland's situation is similar to that in *Duke* in that a holding in Greenland's favor would not allow Greenland to avoid performing, but would only be used to entitle Greenland to monetary relief in a separate proceeding – one that Greenland has

---

[3] Although the government does not raise this argument, we must guard the Board's jurisdiction and consider these facts *sua sponte*.

already filed and that is now consolidated with these appeals. Thus, we find that Greenland's appeal in ASBCA No. 61113 is in reality a claim for money damages that was not submitted to a contracting officer for a final decision. Accordingly, we dismiss ASBCA No. 61113. We find that ASBCA No. 61248 is a government claim that was not required to be submitted to a contracting officer and is properly before the Board. As we find that we lack jurisdiction to entertain ASBCA No. 61113, we need not reach the Air Force's second argument that the appeal is untimely.

Dated: January 29, 2019

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 61113, 61248, Appeals of Greenland Contractors I/S, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals